## WILEY WILLIAMS v. S. W. YOE.

Decided June 22, 1898.

**1. Damages—Distress of Mind.**

In an action for wrongfully, but without violence to plaintiff's person, depriving him of the possession and use of property, actual damages can not be recovered as compensation for injury to feelings.

**2. Damages—Avoidable by Injured Party.**

Plaintiff can not recover damages for defendant's unlawful act which he could have avoided had he acted as a prudent and reasonable man under the circumstances.

APPEAL from San Saba. Tried below before Hon. W. M. ALLISON.

*Leigh Burleson,* for appellant.

*Lauderdale & Linden* and *Walton Bros.,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to recover damages, actual and exemplary, charging in effect that appellant had taken possession of his law office and closed the same up, thereby preventing appellee from entering his office, and depriving him of access to and the use of his said office, books, papers, etc. He also alleged that the acts of appellant in depriving him of the possession and use of his office, etc., were wrongful and unlawful and done with intent

to injure, harass, vex, and humiliate appellee. The jury returned a verdict for the plaintiff Yoe, and the defendant Williams has appealed.

The court below instructed the jury that in estimating actual damages they might allow the plaintiff compensation for distress of mind, humiliation, or sense of shame, and this charge is assigned as error.

We sustain this assignment and reverse the case. As a general rule, mental anguish or distress of mind is not to be considered as an element of actual damages. There are exceptions, however, to this general rule, such as libel and slander cases; suits for damages resulting from failure to deliver telegraph messages announcing the last sickness or death of certain relatives; actions to recover damages for physical injuries, accompanied by mental suffering; also suits against carriers for wrongfully ejecting passengers. But in these latter cases the mental suffering has generally been connected with physical injury or peculiar personal inconvenience. There may also be some other exceptions to the general rule.

According to the averments of the plaintiff's petition and the testimony submitted by him, the defendant did nothing more than wrongfully and unlawfully and without violence to the plaintiff's person, deprive him of the possession and use of property that he was entitled to; and in such a case, actual damages can not be recovered as compensation for injury to feelings. Trawick v. Martin-Brown Co., 79 Texas, 460; Crawford v. Doggett, 82 Texas, 139; Railway v. Trott, 86 Texas, 412.

In Crawford v. Doggett, supra, the plaintiff brought suit to recover a tract of land and sued out a writ of sequestration, by virtue of which the defendant was dispossessed. The defendant pleaded in reconvention, alleging that the writ of sequestration was unlawfully and maliciously issued, and sought to recover actual and exemplary damages. He charged in his plea that, when dispossessed of his property, he was compelled to seek shelter for himself and family with his neighbors until he succeeded in giving a replevy bond, and asked for compensation for mental suffering as actual damages. The jury found for the defendant on his plea in reconvention, and among other things allowed him $190 for injury to his feelings. This finding was in accordance with the charge of the trial court, which instructed the jury that injury to feelings was an element of actual damages. In deciding the case the Supreme Court said: "So much of the charge as instructed the jury that injury to the plaintiff's feelings was an element of actual damages is assigned as error, and we think the assignment well taken. In the case of Trawick v. Martin-Brown Co., 79 Texas, 640, after mature consideration, this court held that injury to feelings could not be recovered in a suit for wrongfully suing out an attachment; but that if the writ were maliciously issued and exemplary damages were recoverable, distress of mind produced by it was proper to be considered by the jury in assessing such damages. The same principle applies in this case. There is no statement of facts in the record, but no evidence could have been introduced which would have rendered the instruction proper. The verdict shows that the appellants were prejudiced by it."

On the question of exemplary damages, the plaintiff's distress of mind, if any, caused by the wrongful conduct of the defendant, may be considered by the jury; but that fact can not properly have any bearing upon the question of actual damages.

Appellant requested and the trial court refused the following special charge: "That if the jury should find from the evidence that plaintiff sustained any damages from the fastening of the stair door by defendant, then, if they believe that plaintiff could have avoided such damages, had he acted as a prudent and reasonable man would have done under the circumstances, and that the damages he may have sustained were the result of plaintiff's carelessness or negligence, they should find for the defendant." This charge embodies a sound proposition of law, which was applicable to this case, and should have been given.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*