INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
ELVIDA ANCHONDA ET AL.

Decided June 10, 1903.

**1.—Evidence—Fact, Not Conclusion.**

The testimony of a witness that the railroad agent saw plaintiff's children before he gave them the tickets, is the statement of a fact, and not a conclusion of the witness.

**2.—Assignment of Error—Record Not Sustaining.**

Where an assignment of error complains of the competency of a witness to give certain testimony as set out in the accompanying bill of exceptions, and the statement of facts shows that the witness, in answer to the particular question, gave no such testimony as that so set out, the assignment will be overruled.

**3.—Trial—Remarks of Counsel—Witness Absent.**

A statement by plaintiff's counsel, while inquiring about an absent witness, that he desired to show where he was and what became of him in order to show why he was not put on the stand, was not prejudicial error where the court instructed the jury not to consider anything as to the witness' presence or absence.

**4.—Charge—Knowledge—Harmless Error.**

Error in the charge in authorizing a recovery by plaintiff for mental anguish in being separated from her children, regardless of defendant's knowledge of the relationship between them, was obviated where in a subsequent paragraph the jury were instructed that plaintiff could not recover for mental anguish because of the separation unless defendant knew of such relationship.

**5.—Same—Negligence—Boarding Train.**

A charge to find for defendant unless the train was stopped a reasonably sufficient time to enable plaintiff to get on board, "and the failure to do so was through the negligence of plaintiff," did not require the jury, in order to find for defendant, to find both that the train was stopped long enough, and that her failure to board it was due to her negligence,—the quoted words, while useless, not being calculated to mislead the jury in view of the definitions in the other parts of the charge.

**6.—Proximate Cause—Charge.**

As there is no substantial difference between injuries the proximate result of an act and injuries of which the act is the proximate cause, a charge is not error in using the one form of expression instead of the other.

**7.—Contributory Negligence—Definition.**

Contributory negligence is such an act or omission on the part of the plaintiff, amounting to a want of ordinary and proper care and prudence, as, concurring or co-operating with some negligent act of the defendant, is the proximate cause of the occasion of the injuries complained of.

**8.—Charge—Negligence.**

A charge to find for defendant if plaintiff caused her children to board the train while it was in motion, and then attempted to board it herself, unless an ordinarily prudent person would have done so under like circumstances, was properly refused as failing to require the jury to find that such action on plaintiff's part constituted negligence and contributed to her injury. Following Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 58.

Appeal from the District Court of Frio.   Tried below before Hon. E. R. Lane.

*Hicks & Hicks,* for appellant.

*Mason Manney* and *R. W. Hudson,* for appellees.

JAMES, Chief Justice.—The case was here once before. See opinion in 68 S. W. Rep., 743.

This is a suit by appellee, Elvida Anchonda, in her own right and as mother and next friend of her minor children, Simon, Soleda and Rosaleo Anchonda, to recover damages for the physical and mental suffering alleged to have been caused appellee through the alleged negligence of the appellant on or about the 25th day of November, 1900. Appellee alleges that on said date she, with her children, was at Moore, a station on appellant's line of railway, and held tickets for passage on appellant's train from Moore to Cotulla, defendant having knowledge of the relationship between her and the children. That when appellant's train arrived, appellee placed her children and her niece, who was also with her, on board said train and attempted to board the train, but by reason of the fact that appellant negligently failed to stop said train a reasonable length of time for passengers to get off and on, she was unable to board the train. That in trying to do so she was thrown down and sustained physical injuries. That appellant's train moved off with her children and her said niece and took them to Cotulla. That appellee suffered great physical and mental pain by reason of her physical injuries, and suffered great mental pain by reason of her separation from, and her anxiety for the safety of, her children. Appellee claims that appellant was negligent in failing to stop its train a reasonable length of time at Moore station, and failing to observe, look, ascertain or discover appellee and her children trying to board the said train.

Appellant answered by general and special exceptions, general denial, and specially plead that it had no knowledge of the relationship, if any, between appellee and the children with her, and that appellee was guilty of contributory negligence in attempting to board the train while in motion, and in failing to board said train while it was standing still, and in failing to use reasonable diligence to ascertain the safety of her children after the train left Moore station.

The suit was originally brought by Filipe Anchonda, the husband of appellee, who, however, died during the pendency of the suit. The case was tried on the 8th day of December, 1902, and resulted in a verdict and judgment in favor of appellee for $1500 in the aggregate, or $750 for Elvida Anchonda, and $750 to her said minor children, jointly.

The statement of the witness Ignacio Garza, that the agent saw the children before he gave them the tickets, was the statement of a fact, not the conclusion of the witness. The same testimony in effect was given by others without objection. We therefore overrule the first assignment.

The second assignment may be overruled for the reason that the witness Ignacio Garza does not appear to have given any testimony in effect the same as that stated in the bill of exceptions. The bill sets forth that in answer to the question, "How long did that child-sickness

last?" this witness was allowed to testify, "that the injuries claimed to have been inflicted upon plaintiff were the ones from which she has suffered, and not the injuries following or produced by childbirth." The statement of facts sets forth the question and the answer to it specifically, and the answer was not either in substance or effect what is stated in the bill. The only testimony of this witness that approaches what is recited in the bill, appears to have been given prior to the putting of the question, and we quote this testimony to show that she did not testify as charged. "Previous to the time she fell from the train at Moore she had been sick a little while from the birth of a child. She had been complaining, and this sickness down here was on account of the birth of her baby, but she didn't have this sickness up here. She had been sick at Mr. Finch's ranch from the birth of her baby. She was complaining down here, but not up here with her side. This was all the sickness she had prior to the fall." In this testimony she stated facts only, and facts that existed prior to the fall. We can see nothing in this which can be said to be an attempt at expert testimony as to whether or not plaintiff's suffering was the result of injuries received in the accident complained of, instead of the childbirth. We think it unnecessary to consider the question of the witness' competency to give testimony such as she is charged with giving, in connection with statements of the judge qualifying the bill.

We also overrule the fourth assignment. Defendant's witness A. C. Kennedy was asked the question, "Did Nathan Williams come to Pearsall with the balance of the witnesses a few days ago?" to which question defendant objected because immaterial and irrelevant, whereupon plaintiff's counsel stated to the court, "We stated to the court the other day that we would like to have him put under the rule, if we could have him here, and we desire to show where he is and what became of him. The object is to show the jury why we don't put him on the stand." The witness appears to have made answer: "He was here the other day, and he has not gone by our consent." The bill was taken to the above remarks of plaintiff's counsel, because they were calculated to and did prejudice the jury against defendant. Defendant of course did not except to the answer of the witness. The judge states in the bill that he thereupon instructed the jury not to consider anything as to Nathan's absence or presence at all. It seems to us that there is nothing substantial presented by the assignment of error.

The sixth, seventh, ninth, tenth, eleventh, twelfth and thirteenth assignments are attacks on the court's charges. There is, we believe, nothing advanced under the sixth and seventh assignments which would tend toward a reversal of the judgment.

The ninth assignment presents this proposition: Appellant would not be liable for any mental suffering of appellee by reason of the separation from her children unless at the time appellee attempted to board said train the appellant knew of the relationship, or at least that some relationship existed, between appellant and the said children.

If paragraph 6 of the charge, the one to which this assignment is addressed, were not qualified in some proper manner, the assignment would be well taken. The criticism, briefly stated, is that it instructed the jury to find for plaintiff regardless of the question of appellant's knowledge of the relationship between appellee and the children. We can readily concede that if appellant was not at the time cognizant of relationship between plaintiff and the children, it ought not to be held for mental anguish resulting from the separation that took place. If the charge stood alone, it would be erroneous. But subsequently in the charge the court deals with this form of mental anguish, and refers back to paragraph 6, and expressly removes the objection now urged. In paragraph 8 the jury are distinctly told that plaintiff could not recover for mental anguish arising from such separation, unless the jury believed from the evidence that defendant did not know of the relationship existing between plaintiff and the children; and in paragraph 9 all seeming contradictions on the subject are explained and harmonized. To illustrate this we copy paragraph 9 of the charge:

"There being two concurring causes of negligence complained of in this case, the court instructs the jury that if under subdivisions 6 and 7 of this charge, if you find for the plaintiff upon either or both of the instructions in said subdivisions respectively, that the plaintiff is entitled to recover, then you will consider, in assessing the damages sustained by plaintiff, all personal injuries and physical pain consequent thereon and mental anguish arising from such personal injuries and also all mental anguish of plaintiff arising from the separation of plaintiff from her children (unless you find against plaintiff under subdivision 8 as to this last item) which you may find from the evidence to be the direct and proximate result of the negligence of the defendant, as heretofore instructed you under subdivisions 6 and 7 (if you believe from the evidence that the defendant was negligent), such sum as actual damages as will in your judgment reasonably compensate plaintiff for the injuries she has sustained and no more, not to exceed the amount claimed by her in her petition.

"By proximate cause we do not mean the last act of cause, or nearest act to the injury, but such act wanting in ordinary care as actively aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause such as might reasonably have been contemplated as involving the results under the attending circumstances."

Under the ninth assignment we find another proposition, complaining of the closing sentence of the same paragraph which was, "Unless, however, you believe from the evidence that the defendant's servants and employes stopped its train at Moore on the day and date alleged by plaintiff, a reasonably sufficient length of time which would have permitted plaintiff with her niece and children to get on the cars by the use of ordinary diligence and care, and the failure to do so was through the negligence of plaintiff, then you should find for the defendant." The

criticism offered to this part of the instruction is that it requires the jury, in order to find for defendant, to go further than to find that the train was stopped long enough to have enabled appellee to get on the car by the exercise of ordinary care, and to find in addition that her failure to board the train was due to her negligence. If the clause quoted had been conditioned on the use of ordinary diligence and care under all the circumstances then existing, it may be that the words "And the failure to do so was negligence of plaintiff," would have been a useless and unnecessary addition. This may have been unnecessary in any event. We think, however, there was no error in the added words. They were not calculated to mislead a jury of ordinary capacity, in view of the definition which the charges give of ordinary care and of negligence. Charges similarly framed in this respect have been approved. Railway v. Cassiday, 92 Texas, 526.

The eighth paragraph of the charge is brought into question by the eleventh assignment upon the grounds, (1) that it deals with the subject of defendant's liability for plaintiff's mental anguish caused by the separation from her children, and does not condition recovery therefor on the absence of her contributory negligence in attempting to board the train; and (2) that by language used in said clause, to wit, "The court instructs you that knowledge of defendant's agent at Moore is knowledge of the company," the court assumed that the agent had such knowledge. This latter contention does not demand discussion, and is overruled. The former will also be overruled, as the two preceding paragraphs of the charge had told the jury plainly to find for defendant if such contributory negligence existed, and the jury could not have failed to understand that paragraph 8 was intended to apply only if they found for plaintiff under other instructions.

The tenth questions the seventh paragraph of the charge. We believe there is nothing requiring a special discussion in the first proposition. The second proposition has to deal with this language of the charge: "If you so believe was negligence, and that such negligence, if any, was the direct and proximate cause of the injuries complained of by plaintiff in her petition, then and in that case plaintiff should recover for all the injuries, physical and mental, arising from such physical injuries, if any, complained of in her petition." We can detect nothing wrong in this instruction. The one proposition advanced in the brief is in about these words,—that if defendant was guilty of negligence, plaintiff could recover damages for such injuries as are shown by the evidence to have proximately resulted from such negligence. To us there seems to be no substantial difference whatever between injuries the proximate result of an act and injuries of which the act is the proximate cause.

The twelfth assignment can not be noticed, as no proposition of law is presented in connection with it.

Under the thirteenth this definition of contributory negligence is questioned: "Contributory negligence, in its legal signification, is such an act or omission on the part of the plaintiff amounting to a want of

ordinary and proper care and prudence as, concurring or co-operating with some negligent act of the defendant, is the proximate cause of the occasion of the injuries complained of." It is contended that the effect of this charge as worded was to inform the jury that there could be no contributory negligence upon the part of plaintiff unless there was concurrent negligence upon the part of defendant. There is nothing of a substantial nature in the point. If no negligence of defendant appeared, plaintiff could not recover at all. Contributory negligence becomes important, in any case, only where defendant's negligence is found to exist. It necessarily must concur or co-operate to produce the injuries.

The substance of the requested charge referred to in the seventeenth assignment was given. The eighteenth and nineteenth assignments, complaining of the verdict as being against the testimony in reference to plaintiff's contributory negligence and to notice to defendant of the relationship of the children to plaintiff, are not sustained. Also the twentieth, which urges that the undisputed evidence is that plaintiff failed to use the means she had at hand to discover and know that the children were safe, and thus could have avoided mental suffering on that account. The twenty-first, twenty-second and twenty-third are overruled.

The sixteenth assignment complains of the refusal of the following charge: "Gentlemen of the jury: If you believe from the evidence that plaintiff, Elvida Anchonda, caused her children to board defendant's train while it was in motion, and then, before it stopped, and while it was still in motion, herself attempted to board said train, you will return your verdict for the defendant, unless you believe that an ordinarily prudent person would have done so under like circumstances."

It is not denied that the issue was submitted in a general manner by the general charge, but appellant insists that it was entitled to have it submitted in the particular form. We think what is said of a similar charge in Railway Co. v. Rogers, 91 Texas, 58, applies to this one.

Our conclusions of fact are that the injuries sustained and for which the judgment allows a recovery were the proximate result of defendant's negligence; that defendant had notice of the relationship existing between plaintiff and the children; that plaintiff was not guilty of contributory negligence, and that the verdict is not excessive.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.