## MALIN & BROWDER v. J. L. McCUTCHEON.

### Decided November 3, 1903.

**1.—Actual Damages—Injury to Feelings and Loss of Credit, etc.**

The loss of reputation and credit and the mental anguish resulting from humiliation, held not recoverable in this case as elements of actual damage.

**2.—Exemplary Damages—Detained Money.**

The mere refusal to pay over money detained when demanded would not, under the facts averred in this case, support a verdict for exemplary damages.

**3.—Same.**

In no event can exemplary damages be recovered unless a right to actual damages is shown.

**4.—Pleading—General Demurrer.**

The petition setting up humiliation in the presence of others, and loss of reputation and credit occasioned thereby as ground for actual damages, the general demurrer as against the items of actual and exemplary damages should have been sustained, and on the failure of plaintiff to respond by amendment the cause should have been dismissed for want of jurisdiction.

**5.—Judgment—Charge of Court.**

A judgment for exemplary damages with no actual damages found will not be permitted to stand.

**6.—Practice—Exceptions—Opposing Accounts.**

As between the plaintiff's demand for a balance due and defendant's answer that they had paid out for him more than they received, the issue was one merely of balancing accounts and eliminating such items as might be shown to be erroneous. In such a contest a special exception, as was urged by defendants, entitles the party to have the opposing claim properly itemized.

Error from the County Court of Harris. Tried below before Hon. Blake Dupree, County Judge.

*W. L. Barbee* and *E. L. Townes,* for plaintiffs in error.

GILL. ASSOCIATE JUSTICE.—This is a suit by J. L. McCutcheon against Malin & Browder, proprietors of the Hotel Logan, at Houston, Texas, to recover damages, actual and exemplary, for the alleged wrongful and malicious exclusion of plaintiff from a room assigned to him, and for the recovery of $71.10 cash alleged to have been deposited by plaintiff with defendants, and which they wrongfully and maliciously refused to pay him on demand. A judgment upon verdict for plaintiff for the cash sued for and $200 exemplary damages is here upon writ of error for revision.

There is no statement of facts, the defendant relying for reversal upon errors of law assignable against the pleadings, charge and judgment.

The plaintiff's pleadings are rather lengthy, and we shall not set them out in full. But because of the nature of the assignments of error it will be necessary to set out their substance at some length.

The facts presented in the pleadings are, that on the 9th of December, 1901, plaintiff was a traveling salesman. That on that date he made an arrangement with defendants to occupy a room in their hotel at such

times as he desired and pay therefor at the rate of $1 per day. That between the date named and March 20, 1902, he had occupied a room in the hotel 81 days. That at various times between these dates plaintiff had placed in the custody of defendant money in the sum of $335.35 (as shown by an attached exhibit) to be used in payment for his room rent and otherwise for plaintiff's benefit. That between the dates named there had been used in payment for the use of the room and for plaintiff's benefit in various ways indicated by the exhibit, such a sum as reduced his balance to $71.10, but that this sum was due and owing to plaintiff on the date of the wrong complained of. That on the 19th of March, 1902, he was assigned room 33 in the hotel and took possession of and occupied it. That on that date and during plaintiff's temporary absence from the room defendants locked the door thereof and refused to readmit him, and refused to allow him to occupy any other room in the house, though others were vacant. That his wearing apparel and personal effects were in room 33 and were locked in. (He does not, however, ask actual damages for the loss of their use.) He alleges that in the presence of others he was thus forcibly ejected and debarred from re-entering and occupying the room, and was thus refused the privilege of occupying that or any other room in the house, whereby he suffered humiliation and loss of standing, reputation and credit. That he was thus compelled to procure a room elsewhere. That on the 27th of March he was again refused admission in like manner, though they had possession of the $71.10 he had paid them for the purpose of paying defendants for the use of that or other rooms which defendants might assign him. He also alleged in this connection that said sums were placed with defendants for safe keeping. That thereafter he demanded the $71.10 owing to him but defendant refused to pay him, but wrongfully, forcibly and maliciously converted same to their own use.

Plaintiff then avers "that the acts of defendants as before alleged in forcibly ejecting plaintiff from his room and in forcibly retaining possession of it as against him without cause was calculated to mortify and humiliate this plaintiff and injure his standing, reputation and credit in the community. That said acts were committed in the presence of others then and there present, and did greatly mortify and humiliate plaintiff and injure his standing, reputation and credit in the community, to his great damage in the sum of $400."

He then avers that the acts of defendants in barring him out of his room and refusing to pay him the $71.10 was willful, malicious and done with the intent to oppress, for all of which he prays judgment for exemplary damages in the sum of $500.

The defendants' pleadings consisted of general and special demurrers, general denial, and allegation that plaintiff was in fact indebted to them, for which sum they prayed judgment.

The first point we will notice is the contention of defendant that the petition of plaintiff was insufficient to support any judgment for actual damages for exclusion from the room, and the facts averred concerning

the balance of $71.10 being insufficient to support the claim for exemplary damages the cause should have been dismissed for want of jurisdiction.

It will be observed that plaintiff set out no item of actual damage flowing from his exclusion from his room, the inconvenience occasioned thereby, or any loss or damage occasioned by reason of his being denied access to and the use of his personal effects. But after stating all the facts in the general way indicated, averred that because the wrongs alleged were done in the presence of others he sustained humiliation, loss of standing and loss of credit in the sum of $400.

It seems to be well settled in this State that loss of reputation and credit and the mental anguish resulting from humiliation can not be recovered as elements of actual damage under the facts alleged. Neese v. Radford, 83 Texas, 585; Hirschfield v. Bank, 83 Texas, 459; Crawford v. Daggett, 82 Texas, 140; Trawick v. Martin-Brown Co., 79 Texas, 463.

We think it also clear that the mere refusal to pay over the $71.10 when demanded would not under the facts averred support a verdict for exemplary damages. Construing the petition all together and most strongly in favor of the pleader, it would entitle him upon that phase of the case to no more than the sum detained and legal interest. Neill v. Newton, 24 Texas, 204; Houston & T. C. Railway Co. v. Shirley, 54 Texas, 141.

It is equally well settled in this State that exemplary damages can not in any case be recovered unless a right to actual damages is shown.

These things being true, the general demurrer to the petition as against the item of $400 actual damages and $500 exemplary damages should have been sustained, and unless plaintiff responded by amendment the cause should have been dismissed for want of jurisdiction. Of course if plaintiff had properly pleaded actual damages occasioned by his being debarred from his room and denied access to and use of his personal effects, the rule would be different.

Because the point is so nearly related to the one just disposed of, we will in this connection consider an objection urged to the judgment. The trial court charged that no proof had been adduced on the issue of actual damages and directed the jury to find against the plaintiff on that count. He did, however, submit the issue of whether plaintiff owed defendants or defendants owed plaintiff at the date in question, and allowed a recovery of such sum and interest as they might find defendants to be due plaintiff, and in addition thereto exemplary damages in case they found that plaintiff had been debarred from his room as alleged.

We have already seen that the allegations as to the balance thus due will not support a verdict for exemplary damages. This being true, the judgment must inevitably be reversed, for the reason that no judgment for exemplary damages may be allowed to stand unless some sum in actual damages is also found. Garson v. Texas Installment Co., 34 S. W. Rep., 762; Jones v. Matthews, 75 Texas, 1.

Where the actual damages are reduced by the proof to a mere nominal sum there is generally no ground for the recovery of punitory damages. 1 Suth. on Dam., p. 748.

As between the plaintiff's demand for the balance of $71.10 and defendants' answer that they had paid out for him more than they had received from him, the issue was one of mere balancing of opposing accounts, and eliminating such items as were shown to be erroneous. In such a controversy a special exception entitles either party to have the opposing claim properly itemized.

Such an exception was urged by defendants here to so much of plaintiff's petition as sought to set up the claim for a balance of $71.10. Upon this point there was a general allegation that at various times between December, 1901, and March, 1902, plaintiff had placed with defendants sums of money aggregating $335.35. The items going to make up this aggregate sum were not alleged in the body of the pleading, nor were the dates so alleged. The petition, however, referred in that connection to an attached exhibit in aid of it. This exhibit contained five items of debit against Malin & Browder; two cash items, one for $15, the other for $20, the dates being given. The other three items were checks, the exhibit describing them by number, series, letter and date, each being for the sum of $100. The petition alleged the deposit of money contained no allegation with respect to checks, nor was it alleged that they were accepted or cashed by defendants.

The exception demanded more specific allegations in these respects, the point being made that the exhibit could not supply substantive and necessary allegations which the pleading lacked. The proposition seems to be well sustained by authority. Burks v. Watson, 48 Texas, 115; Thompson v. Eanes, 32 Texas, 194; Pool v. Sandford, 52 Texas, 634.

It is believed that what has been said renders it unnecessary to notice in detail any of the remaining assignments. If the matters complained of in them are error they are not such as are likely to arise on another trial.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*