## TEXAS POWER & LIGHT CO. v. TAYLOR.
(No. 7895.)

(Court of Civil Appeals of Texas. Dallas. Feb. 16, 1918.)

1. ELECTRICITY ⬤➡11 — DISCONTINUANCE OF TELEPHONE SERVICE — DEPOSIT TO SECURE PERFORMANCE.

The act of a lighting company in discontinuing service without notice upon user's default for past month's service, *held* proper, where contract provided for discontinuance on default, and it was immaterial that the amount due was not in excess of the amount deposited by user to secure faithful performance of contract.

2. DAMAGES ⬤➡49 — MENTAL SUFFERING ALONE.

That one became angry because of his light service being cut off for nonpayment, which service was renewed immediately upon payment and request, does not entitle him to recover thereon for mental suffering alone, there being no personal injury, damage to property, or other loss sustained.

Appeal from District Court, Hill County; Norton B. Porter, Judge.

Suit by H. G. Taylor against the Texas Power & Light Company. Judgment for plaintiff. Defendant appeals. Reversed and rendered.

Templeton, Beall & Williams, of Dallas, and Collins, Morrow & Morrow, of Hillsboro, for appellant. J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellee.

RAINEY, C. J. Appellee sued appellant to recover actual damages in the sum of $600, and exemplary damages in the sum of $1,000, alleged to be due for a wrongful and malicious discontinuance of electric light from his residence, the purpose being to punish appellee and to injure him in his credit and reputation, and for the purpose of causing him pain and mental anguish and chagrin, etc. Appellant answered by general and special exceptions, general denial, and specially that appellee had been notified of one monthly bill

which had not been paid at the time and which was past due, and at said time the amount due exceeded the amount deposited by appellee. The exceptions were overruled. The case was submitted on special issues to a jury, and judgment was rendered therein for appellee, and appellant appeals.

The evidence shows that appellant was a public utility corporation, furnishing the citizens of the town of Hillsboro with electric current for lights, and had been furnishing electricity for lighting appellee's residence in said town under a contract which provides, among other things, in substance:

"First section: Provides that customers will pay for their service at established rates, and at least seventy-five cents as minimum for readiness to serve charge.

"Second section: Provides that customers will secure rights of way.

"Third section: Customers will not increase connected load without notice, and, if after notice, the load be increased, customer will pay prescribed rates and minimum charge for such altered service.

"Fourth section: Provides that customers' wiring shall be insulated properly and in accordance with governmental regulations.

"Fifth section: Provides that agents of company shall have access to customers' premises at reasonable hours for purpose of inspecting wiring, meters, etc.; that the customer shall protect the company's property on his premises; that customer assumes responsibility for current after its delivery to him, and agrees to hold the company harmless for injury or damage to persons or property occurring on customers' premises after delivery of current, except where caused solely by negligence of the company.

"Sixth section: Provides the company agrees to make reasonable provisions to insure satisfactory and continuous service, etc.

"Seventh section reads as follows: 'If the customer shall default in any of said payments of ten days, or shall make default in the performance of any other covenant hereunder, the company may at any time during the continuance of such default, without notice and without liability therefor, discontinue service to the customer hereunder until such default is cured, but such discontinuance shall not lessen or change the customer's obligation or affect the amount which shall become due and payable hereunder. During any such default, and after ten days' warning, the company may, at its option, by written notice to the customer, terminate its obligations hereunder. Nothing herein contained, however, nor any action taken by the company in pursuance hereof, shall impair any other remedy which the company might have, at law or in equity, for any breach of this contract by the customer.'

"Ninth section: Unless written notice of termination is given at end of the year the contract shall continue.

"Tenth section: The company acknowledges receipt from the customer of two and 50/100 dollars' as a deposit to secure the faithful performance of this contract by the customer and the payment of any other claim against the customer now owned or hereafter acquired by the company, and upon the expiration of this contract the company agrees to repay, without interest, such part of said sum as shall remain after the company has deducted all sums due to the company from the customer under this contract or under any other such claim.

"Eleventh section: Provides that same may be terminated if it be assigned by customer."

During the month of May appellee, on account of his wife's sickness, left town for awhile, and during their absence they left in their house two young ladies rooming there, and during their absence appellant entered appellee's residence, took out the meter, and discontinued the service for one night. Next morning one of the young ladies paid the bill due and the lights were reinstated. Notice was sent to appellee through the mail, as was customary, of the bill due for May, but he did not receive it until his return. The statement mailed appellee showed $1.60 due, but the current was not discontinued until after ten days had expired, and the meter at that time showed $2.94 due by appellee, which exceeded the amount appellee had on deposit with appellant. Appellee, previous to that time, had paid all his bills. The damage testified to by him was:

"When I found out that the meter had been taken out during my absence, and the young ladies left in the darkness, it made me sore; I didn't appreciate it, I didn't think it was just under the condition of things, to take advantage of the situation like it was and take the meter out and having enough on deposit to cover it too."

The meters were read about the 20th of the month, and all bills were rendered about the 1st of the succeeding month, and 10 per cent. discount allowed if paid within 10 days thereafter. Appellee's meter was taken out on the 23d day of May.

[1] Appellant complains, by its second assignment of error, that—

"because the court erred in failing and refusing to give the defendant's special charge No. 1 asking for peremptory instruction herein, because under the undisputed testimony and under the contract offered in evidence defendant was authorized to discontinue the plaintiff's service without liability, and because there was no pleading or proof of exemplary damages, and no pleading or proof of actual damages, all of which is more fully set out by defendant's bill of exceptions No. 1;"

and submits the following proposition thereunder:

"It having been established by the undisputed evidence that the light service rendered appellee was under a written contract, and it appearing that said contract provided that failure to pay any monthly installment authorized the appellant to discontinue the service, and the undisputed evidence showing that appellee was delinquent in at least one monthly installment, the appellant was authorized to discontinue service without liability."

[2] We are of opinion that the evidence fails to show that mental suffering of appellee from the act of appellant in discontinuing his electric light entitled him to recover damages. There was no damage done to appellee's property, no personal injury done to him or to any one. He was not caused to pay a cent that he was not liable for, and he, not knowing of the occurrence, was made "sore" when he heard of it. Appellant did nothing but what it had a right to do under its contract, and as shown, even if the amount of $2.50 deposited by appellee had been sufficient to cover the amount of his bill due, it would not affect the status of the matter, as it was a mere security, and did not affect appellant

in proceeding to collect its monthly bills. Appellant ascertained the appellee's wish to continue the contract, and at once accepted the amount due for the previous month, and continued to furnish him with electric current. Appellee made no arrangement when he left Hillsboro for having his bill paid and electric lights continued during his absence, and there was no one to inform appellant of his intentions. The following authorities hold that mental suffering alone is not recoverable, when there is no personal injury inflicted or any damage done to property or loss sustained: Railway Co. v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866; Rowell v. Tel. Co., 75 Tex. 26, 12 S. W. 534; T. & P. v. Jones, 29 S. W. 500; Williams v. Yoe, 19 Tex. Civ. App. 281, 46 S. W. 659; Tel. & Tel. Co. v. Solomon, 54 Tex. Civ. App. 306, 117 S. W. 214; Railway Co. v. Jones, 38 Tex. Civ. App. 129, 85 S. W. 37.

The judgment is reversed, and here rendered for appellant.