## WHITE SEWING MACH. CO. v. LINDSAY. (No. 9236.)

Court of Civil Appeals of Texas. Galveston. Jan. 12, 1929.

Rehearings Denied March 7, 1929.

King, Battaile & Sonfield, of Houston, for plaintiff in error.

Allwyn W. Pirtle, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by defendant in error to recover of plaintiff in error the sum of $55, the value of a sewing machine belonging to defendant in error, and alleged to have been wrongfully converted by plaintiff in error, and the further sums of $400 actual damages and $540 exemplary damages, alleged to have been caused defendant in error by the wrongful and malicious conversion of his property by plaintiff in error.

The following correct statement of the substance of the petition is copied from plaintiff in error's brief:

"On May 22, 1926, plaintiff's wife made inquiries concerning a cabinet for a Singer sewing machine and called defendant company. A representative saw plaintiff's wife and induced her to exchange the Singer sewing machine for a new White sewing machine. It is further alleged that a written contract was entered into between plaintiff's wife and the White Sewing Machine Company, by the terms of which it was agreed to sell and deliver to plaintiff's wife a White sewing machine for the agreed price of $165.00 and in part payment defendant company would and did accept the Singer sewing machine at an agreed price of $55.00 to be credited on the purchase price, the balance of $110.00 to be paid in monthly installments of $7.00 each; that the plaintiff was not present during the negotiations for sale or the execution of the contract, and upon learning the facts called the company's office and advised its representative 'that he would not confirm the agreement made with his wife,' and demanded return of the Singer sewing machine; that the company agreed to return the Singer sewing machine, but failed to do so; that on or about August 17, 1926, while plaintiff and his wife were absent from home, the company's agent 'wilfully and maliciously forced their way into the plaintiff's home in the presence of the neighbors and others passing along the street and with force did unlawfully take said machine from plaintiff's home, thereby creating the impression among the neighbors that the plaintiff had not and would not pay his debts, thereby subjecting him and his wife to great embarrassment, humiliation and mortification.' The reasonable value of the Singer sewing machine is alleged to be $55.00 and plaintiff prays for damages in the sum of $400.00 for humiliation, mortification, etc., by reason of the malicious entry into his home, and further prays for exemplary damages in the sum of $540.00."

The defendant answered by general demurrer and general denial, and specially pleaded the execution by plaintiff's wife of a contract for the purchase of a White sewing machine from the defendant for the sum of $165, and the sale by bill of sale and delivery to defendant of the Singer sewing machine, claimed by plaintiff, for the sum of $55, to be credited upon the purchase price of the White machine; that by the terms of the contract of purchase the $110 balance of the purchase price of the White machine was payable in monthly installments of $7 each, and the contract provided that, in event of default in the payment of any of these installments, the defendant might at its option declare the whole amount due and might enter the premises of the purchaser and take and remove the machine therefrom "without hindrance, or

demand of any kind against the defendant by the purchaser"; that none of the monthly installments of the purchase price of the machine were paid by the plaintiff, who kept the machine from May, 1926, until August 16, 1927.

The following provision of the contract is also pleaded by the defendant:

"That said written contract of· sale above recited further provides as follows: 'And I agree, that until this contract is fully paid, with interest, after maturity, that all payments made, shall be considered by the parties hereto as payments by me for the use and rental of said machine while in my possession.' And said written contract of sale further provides that the purchaser acquires no title to said machine until the entire amount of purchase money is paid thereon, but that title remains in said defendant."

Based upon these provisions of the contract and the facts stated in the answer as above set out, defendant pleaded that plaintiff is estopped to now deny the validity of said contract of purchase and the sale of the Singer machine to defendant.

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $405.

Without setting out the evidence in detail, we are of opinion that it fully sustains the verdict and judgment for $55 on the value of the Singer sewing machine converted by the plaintiff in error. The machine was not the separate property of the wife of plaintiff, and she had no authority to dispose of it without plaintiff's consent. The contract by which this machine was transferred to plaintiff in error and the White machine purchased, though signed by the wife, purports to be the contract of the plaintiff. The undisputed evidence shows that she was not authorized to execute the contract as the agent of the plaintiff, and that, as soon as he was informed of its execution, he notified plaintiff in error that he would not ratify the contract, and demanded the return of the Singer machine and the surrender of the contract. This demand, though several times repeated, was ignored by plaintiff in error. Upon this state of the evidence we think it clear that the plaintiff was entitled to recover the value of the Singer machine.

We do not think the evidence raises the issue of estoppel against plaintiff to deny the validity of the contract.

The jury found, in answer to a special issue submitted by the court, that plaintiff was entitled to recover the sum of $350 as compensation for the damage sustained by him by reason of the entry into his home during his absence, and the removal of the White machine therefrom by an agent of defendant. We do not think the evidence sustains this finding. The entry into the home and the removal of the White machine, while made in the absence of plaintiff and his wife, and

without the consent of the servant in charge of the premises was not accompanied with violence, and, so far as the evidence shows, no one other than the servant and child of plaintiff knew of the removal therefrom of the White machine. The removal of the machine during the absence of plaintiff and wife is not shown to have been premeditated, and there is nothing to show any malice on the part of defendant or its agent in taking possession of the White machine in accordance with the terms of the contract under which it was delivered to plaintiff's wife. There is also a total lack of evidence to sustain plaintiff's allegation that the removal of the machine caused him to suffer humiliation and mental anguish, and injured his credit and reputation.

It seems to be settled that mental anguish is not ordinarily an element of actual damage in cases of this character.

In the case of Crawford v. Doggett, 82 Tex. 139, 17 S. W. 929, 27 Am. St. Rep. 859, in which damages were claimed for the wrongful sequestration of land upon which plaintiff and his family resided, and by the writ were dispossessed, the court said:

"So much of the charge as instructed the jury that injury to the plaintiff's feelings was an element of actual damages is assigned as error, and we think the assignment well taken. In the case of Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564, after mature consideration, this court held that injury to feelings could not be recovered in a suit for wrongfully suing out an attachment; but that, if the writ were maliciously issued, and exemplary damages were recoverable, distress of mind produced by it was proper to be considered by the jury in assessing such damages"—citing many authorities.

In the case of Williams v. Yoe, 19 Tex. Civ. App. 281, 46 S. W. 659, in the course of the opinon the court says:

"The court below instructed the jury that in estimating actual damages, they might allow the plaintiff compensation for distress of mind, humiliation, or sense of shame, and this charge is assigned as error. We sustain this assignment, and reverse the case. As a general rule, mental anguish or distress of mind is not to be considered as an element of actual damages. There are exceptions, however, to this general rule, such as libel and slander cases; suits for damages resulting from failure to deliver telegraph messages announcing the last sickness or death of certain relatives; actions to recover damages for physical injuries, accompanied by mental suffering; also suits against carriers for wrongfully ejecting passengers. But in these latter cases the mental suffering has generally been connected with physical injury or peculiar personal inconvenience. There may also be some other exceptions to the general rule. According to the averments of the plaintiff's petition, and the testimony submit-

ted by him, the defendant did nothing more than wrongfully and unlawfully, and without violence to the plaintiff's person, deprive him of the possession and use of property that he was entitled to, and in such a case actual damages cannot be recovered as compensation for injury to feelings."

The case of Bassham v. Evans (Tex. Civ. App.) 216 S. W. 446, and Haile v. Coker (Tex. Civ. App.) 258 S. W. 228, announce the same rule.

It follows from what we have said that the judgment of the court below should be affirmed for the sum of $55, the value of the plaintiff's machine and reversed and remanded as to the judgment for $350 compensating damages, and it has been so ordered.

Affirmed in part, and reversed and remanded in part.