### TEXAS & P. RY. CO. v. WOODARD.
### No. 4229.

Court of Civil Appeals of Texas. Texarkana. July 7, 1932.

Rehearing Denied Sept. 22, 1932.

Bibb & Bibb, of Marshall, for appellant.

S. P. Jones, Franklin Jones, and Percy Woodard, all of Marshall, for appellee.

WILLSON, C. J. (after stating the case as above).

It will be noted, on looking to the part of appellee's petition set out in the statement above, that his suit (except for the $7.52 he alleged he paid to be carried back to Alexandria) was not for injury to either his person or property, but was entirely for mental suffering he was subjected to as a result of conduct of employees of appellant in demanding in the presence of other passengers that he pay again, or leave the train, fare he had already paid, in threatening if he did not do that to arrest him, and in describing him as a "hard-boiled negro." It is held that "actual damages cannot be recovered for mental suffering, where there is no physical injury, no injury to property, nor other element of actual damages." Gulf, C. & S. F. Ry. Co. v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866, and see Malin & Browder v. McCutcheon, 33 Tex. Civ. App. 387, 76 S. W. 586; Texas Electric R. Co. v. Price (Tex. Civ. App.) 218 S. W. 1092; Williams v. Yoe, 19 Tex. Civ. App. 281, 46 S. W. 659; Texas Power & Light Co. v. Taylor (Tex. Civ. App.) 201 S. W. 205; Ft. Worth & R. G. Ry. Co. v. Jones, 38 Tex. Civ. App. 129, 85 S. W. 37; Stein v. Greenbaum (Tex. Civ. App.) 203 S. W. 809; Southwestern Bell Tel. Co. v. Cook (Tex. Civ. App.) 30 S.W.(2d) 497; 3 Cooley on Contracts, §§ 2144, 2145; 3 Page on Contracts, § 1582; 3 Sutherland on Damages, §§ 976, 980. It follows that a cause of action for a sum in excess of $7.52 was not stated in appellee's petition. As the district court was without power to hear and determine the suit so far as it was for the $7.52 (Lissner v. Stewart (Tex. Civ. App.) 147 S. W. 610; City of Desdemona v. Wilhite (Tex. Civ. App.) 297 S. W. 874; Gaddis v. Tel. Co., 33 Tex. Civ. App. 391, 77 S. W. 37), it follows, further, that this court is without jurisdiction of the appeal, and cannot do otherwise than dismiss same. Western Union Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; City of Ft. Worth v. Zanecetti (Tex. Com. App.) 29 S.W.(2d) 958; A. B. Richards Medicine Co. v. Graves (Tex. Civ. App.) 273 S. W. 702; Malin & Browder v. McCutcheon, 33 Tex. Civ. App. 387, 76 S. W. 586.

Accordingly the appeal is dismissed.

On Rehearing.

The motion of appellee for a rehearing is overruled.

The motion of appellant insisting that this court, instead of dismissing the appeal, should have reversed the judgment of the court below and dismissed the cause, is sustained, and the judgment rendered here June 23, 1932, will be modified accordingly. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

LEVY, J. (dissenting).

It is not doubted that the rule obtains in this state, as is clearly stated in the majority opinion, that in cases of the merely negligent act of the defendant mental suffering is not recognized as an element of damage where there has been no physical injury. Gulf, C. & S. F. Ry. Co. v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866, and other cases. But the rule is otherwise in certain cases such as where there is negligent infraction of a contractual obligation, or where there is affirmative or active negligence attended with circumstances of indignity. Hale v. Bonner, 82 Tex. 33, 17 S. W. 605, 14 L. R. A. 336, 27 Am. St. Rep. 850; International & G. N. R. Co. v. Anchonda, 33 Tex. Civ. App. 24, 75 S. W. 557; Lancaster v. Mebane (Tex. Civ. App.) 260 S. W. 252; Chicago, St. L. & P. R. Co. v. Holdridge, 118 Ind. 281, 20 N. E. 837; Austro-American Steamship Co. v. Thomas (C. C. A.) 248 F. 231, L. R. A. 1918D, 873; 3 Thompson on Neg., §§ 3195, 3288. And it is believed, in view of the attending circumstances in this case, the rule allowing mental suffering, proximately resulting from a legal wrong, as an element of damages is applicable.

In the facts set forth in the plaintiff's petition there was a legal wrong, giving the right of action, of a breach of a valid contract of carriage between the passenger and the carrier, attended by circumstances of certain misconduct or negligent act of the carrier's employee. The employee refused to accept the proffered return ticket, and notified the passenger in the presence of other passengers that he must pay the fare to Alexandria when no fare was due or must leave the train, and threatened the passenger with arrest unless such order was obeyed. The carrier's duty extended not only to carry the passenger on that train from New Orleans to Alexandria on his regularly issued and paid-for return ticket without his paying further fare, but also included protection from acts of annoyance or indignity on the part of the carrier's employees.

It is believed that the passenger was entitled to be awarded damages for the sense of indignity and annoyance visited upon him by the threatened expulsion from the train, although he paid the illegal fare rather than be ejected, and although there has been no physical injury.