Ulrich OTTEN, Appellant,

v.

Maxine SNOWDEN, Appellee.

No. 15741.

Court of Civil Appeals of Texas,
San Antonio.

April 27, 1977.

R. Norvell Graham, Jr., San Antonio, for appellant.

John Carl Stromberger, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee brought this suit seeking to recover damages under Art. 5236d, § 7, and Art. 5236e, § 4, Tex.Rev.Civ.Stat.Ann.

(Supp.1977),[1] after appellant allegedly seized exempt personal property belonging to appellee, who had rented an apartment from appellant on a month to month tenancy. A general denial was filed on behalf of appellant.

On January 26, 1976, appellant's attorney was permitted to withdraw from the case. Appellee then waived her demand for a jury and set the case on the non-jury docket for March 8, 1976. Appellant delivered all his papers concerning this proceeding to his new attorney. This attorney overlooked the notice of the setting and neither appellant nor his attorney was present on March 8, 1976. However, the case was not tried at this time. On May 5, 1976, without any notice to appellant,[2] appellee proved up her "default" judgment by a written narrative statement which was sworn to by appellee and her attorney. Judgment was entered on May 5, 1976 for the sum of $10,360.00 plus reasonable attorney's fees of $1,250.00 as prayed for by appellee. Appellant timely filed a motion and amended motion for new trial. On July 1, 1976, the trial court overruled the amended motion for new trial on the condition that appellee filed a remittitur of $6,000.00. This was done and an appeal has been perfected from the modified judgment of $4,360.00 plus attorney's fees of $1,250.00.

■ It must be recognized at the outset that although both parties refer to the judgment of May 5, 1976 as a "default judgment," it is not a true default in that an answer was timely filed; nor is it a nihil dicit judgment. It is now settled that where the defendant has filed an answer placing in issue the merits of plaintiff's cause of action, his failure to appear at the trial is neither an abandonment of his answer nor is it an implied confession of any issues thus joined by such answer. In such a situation, the plaintiff is required to prove her case even though the defendant fails to appear at the trial. *Frymire Engineering Co. v. Grantham,* 524 S.W.2d 680 (Tex.1975).

Appellant urges on this appeal that the damages found by the trial court are not supported by the pleadings or proof. The modified judgment awarded appellee damages of $4,360.00 plus $1,250.00 attorney's fees. The trial court found statutory damages of $360.00 and "actual damages" of $4,000.00. Art. 5236d permits a tenant to recover damages from his landlord for wrongful seizure of personal property. § 7 thereof authorizes recovery for one month's rent, plus actual damages, plus reasonable attorney's fees, less any delinquent rentals or other sums for which the tenant is liable. Art. 5236e relates to security deposits and requires the landlord to account for all deductions and to return the unused portion of the security deposit to the tenant. § 4(a) provides that a landlord who in bad faith retains a security deposit in violation of this statute is liable to the tenant for $100.00 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant and for reasonable attorney's fees.

■ Assuming, without deciding, that the affidavits of appellee and her attorney are competent evidence, there is not sufficient evidence to support the finding of damages. Although appellee pleaded that the rent was $110.00 per month, there is no evidence as to the amount of the rental. Appellee did swear that she had posted a security deposit of $50.00 and that appellant had refused to return the deposit or furnish her with an accounting. The personal property seized by appellant was not identified and there was no evidence to support a recovery for loss of its use during the time this property remained in the possession of appellant. Appellee swore that she had been forced to resign her job, but did not state what job she held or the amount of income that she had lost.

■ Appellee averred that she sustained serious pain, suffering, and mental anguish as a result of the seizure of her personal items. As a general rule, mental

---

1. All statutory references are to Tex.Rev.Civ. Stat.Ann.

2. No complaint is made of the lack of notice to appellant of the May 5th hearing.

anguish does not constitute an element of damages that may be recovered in an action either for breach of contract or for a tort founded on a right growing out of a breach of contract. *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *White Sewing Mach. Co. v. Lindsay,* 14 S.W.2d 311 (Tex. Civ.App.—Galveston 1929, writ dism'd); *Dunn v. Wilkerson,* 203 S.W. 59 (Tex.Civ. App.—San Antonio 1918, no writ); 14 Tex. Jur.2d *Conversion* § 36 (1960). No exception to this general rule has been shown in this case.

■ We sustain appellant's point that the finding of damages is not supported by competent evidence. It is apparent that this lack of evidence was brought about by appellee's mistaken belief that she was entitled to a default judgment after appellant did not appear for the March 8 setting. We therefore conclude that the cause should be reversed and remanded in the interest of justice. It is unnecessary to consider appellant's other point that the trial court erred in not granting his motion for a new trial.

The judgment of the trial court is reversed and the cause remanded.