WESTERN UNION TELEGRAPH COMPANY V. Z. C. BROWN.

No. 3464.

1. **Measure of Damages.**—Plaintiff sent an agent to Kansas City to buy mules. The agent made a conditional purchase of sixty-four, and telegraphed to plaintiff at Cleburne, Texas, on 31st December, 1889. By mistake the operator sent to Cleveland, Texas, and the dispatch was not received at Cleburne until January 2, 1890, and after the agent had had the dispatch repeated. Plaintiff had contracted at Cleburne to sell the mules. The delay broke off his sales. He went to Kansas City at once. Mules had increased in price. He bought others at increased rates; did not secure the sixty-four contracted for by his agent, on account of the delay. In suit for damages, *held:*

1. The plaintiff was entitled to recover for any appreciation in prices of mules at Kansas City which had occurred between the time when the original dispatch should have been received and when he could have answered the repeated message after its receipt.

2. In recovery for loss of sales he had contracted to make it was error to instruct the jury to allow the difference in the price of the mules as contracted for before the first message and that contracted at Cleburne. From that amount should have been deducted the expenses of transporting them from Kansas City to Cleburne.

3. Plaintiff would be entitled to damages to extent of losing his sale, without reference to whether he made other purchases.

2. **Notice of Claim for Damages.** — A notice in writing in behalf of plaintiff delivered to the agent of the telegraph company at the place where the message was directed, and stating the amount of the claim, and that it was for damages for the non-delivery of the dispatch, and naming loss from increased price of mules and expenses incurred, was sufficient to include loss of profits upon mules contracted or sold by him under the printed stipulation for notice thereof within sixty days, etc. It showed the nature of the claim.

APPEAL from Johnson. Tried below before Hon. J. M. HALL. The opinion states the case.

*Field & Homan,* for appellant.—1. The measure of damages on this branch of the case, provided plaintiff subsequently bought the same class of mules at an increased price, was the amount of increase in the value of the mules from the time the message of December 31 could have been answered had it been promptly delivered, to the time when plaintiff could have answered the repeated message of January 2. Tel. Co. v. Pells and Ray, 2 Ct. App. C. C., sec. 43; True v. Tel. Co., 60 Me., 9.

2. It was the duty of plaintiff to use reasonable efforts to avoid or lessen his damages; and if by purchasing the mules on the receipt of the repeated message of January 2 he could have secured them at the prices originally contracted for, and failed to do so, he is not entitled to recover for increase in value of the mules. Railway v. Loonie, 82 Texas, 323; Tel. Co. v. Neill, 57 Texas, 283; Daugherty v. Tel. Co., 75 Ala., 168; Tel. Co. v. Hobson, 15 Gratt., 122; Gray Com. by Tel., sec. 100.

3. In any event, plaintiff could only recover the difference between what the mules could have been bought for on receipt of the second

message and the price at which he had contracted to sell them, less the expense of transporting them from Kansas City to the place of delivery. Railway v. Ball, 80 Texas, 602; Railway v. Johnson, 85 Ga., 497.

4. The provision on the face of the message sued on, that the defendant company would not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message, was a part of the contract, and is valid and binding upon plaintiff; and no notice having been given by him of his claim for loss of profits upon mules contracted or sold by him, he is not entitled to recover such damages. Tel. Co. v. Rains, 63 Texas, 27; Tel. Co. v. Culberson, 79 Texas, 65; Gray Com. by Tel., sec. 34.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—Appellee brought this action against the appellant company to recover damages for failure to deliver a message. The evidence discloses that appellee, who lived at Cleburne, Texas, sent one Stokes as his agent to Kansas City, Missouri, to buy mules, with instructions to telegraph to him the prices at which they could be bought. On December 31, 1889, Stokes delivered to appellant's agent at Kansas City, for transmission, a telegram, of which the following is a copy:

"KANSAS CITY, MISSOURI, December 31, 1889.

"*To Z. C. Brown, Cleburne, Texas:*

"Mules fourteen and a half to fifteen and a half ninety-two fifty to one hundred and twelve fifty, Kansas City. St. Louis market, mules fourteen to fifteen one hundred to one five. Wire me what to do, care of Sparks Bros.                    "B. F. STOKES."

Stokes testified, that he delivered the message written on two slips of paper, and that the agent copied it upon a blank, and that at the time he showed him the name Cleburne distinctly printed on his check book. The message was transcribed, directed to Cleveland, Texas, and was not transmitted and delivered until January 2, 1890, after Stokes had caused it to be repeated. After the receipt of the dispatch plaintiff went to Kansas City and found that the price of mules had advanced. Stokes testified, that he had contracted for sixty-four mules at the prices named in the message, subject to the plaintiff's ratification, but that before the plaintiff's arrival the price had advanced and the offer was withdrawn. Mules were subsequently bought by plaintiff, but at higher prices. The plaintiff also testified, that he had also contracted to sell the mules Stokes had been sent to buy, but that on account of his failure to get the message the contract was rescinded, and he lost the opportunity. He also testified, that if he had received the dispatch

promptly he would have telegraphed to Stokes at once to buy the mules.

Upon the measure of damages the court charged the jury as follows: "You are further instructed, that if you find for the plaintiff you will assess his damages at the difference in the market value, if any, of the sixty-four mules alleged to have been contracted for by Stokes, if you find he had so contracted, at the time said message was received by defendant and could have been reasonably delivered to plaintiff at Cleburne, Texas, and answered by plaintiff, with interest at 8 per cent per annum from that date until the present time. And you will not consider any increase in the price of said mules after the plaintiff could have on the receipt of said telegram wired Stokes to buy and pay for said mules. If you find that any of said mules at the time of the delivery of said message had been contracted for or sold by plaintiff, and that defendant had notice of that fact at the time it received such message for delivery, then you will also find for the plaintiff the further sum of the difference, if any, between what said mules could have been bought for when Brown could have advised Stokes on the receipt of second message, and the sum for which said mules had been contracted for and sold for, with interest as before stated."

It is claimed, that the portion of the charge quoted is erroneous in two particulars: first, in regard to the damages growing out of the failure to secure the 64 mules at the prices agreed upon by plaintiff's agent; and secondly, as to the damages resulting from the failure to make the sale of the mules the plaintiff had contracted to sell. There is evidently an omission in the first part of the instruction in question, the result, we think, of an inadvertence on the part of the court. We gather from the whole of the language copied above, that the court intended to instruct the jury to give damages for any appreciation in value of the mules which had accrued between the time when the plaintiff should have received the original dispatch and when he could have answered the repeated message after its receipt. This was the correct rule. But the omission leaves the jury to deduce the rule, if it can be done at all, from remote implications. They may have been misled.

We think there was error also in the instruction with respect to the damages on the mules the plaintiff had contracted to sell. He lived in Cleburne. He says in his testimony: "After receiving the second message I did not wire him the money, because the time I had contracted to deliver them here had expired." He evidently meant that the mules he had agreed to sell were to be delivered in Cleburne, which the testimony shows was such a distance from Kansas City that it required twenty-four hours for him to make the trip. The measure of his damages for the failure to make the sale was not the difference between the price at which he would have bought the mules in the latter

place if the first message had been delivered in due time and the price at which he had contracted to sell them, but that difference less the expense of transporting them to Cleburne. He should have proved what this expense would have been, and the court should have charged the jury, in estimating the damages resulting from the loss of the sale of the mules, to deduct this expense from the difference between the buying and selling prices of the mules under the respective agreements.

It is also complained, that the plaintiff was not entitled to recover anything by reason of his failure to secure the purchase of the mules contracted for by Stokes, because he failed to show that he bought other mules at an advanced price. If it were true that he did fail to make this proof, we think it unimportant. If the message had been transmitted and delivered with promptness and he had telegraphed his agent to close the contract, and if his instructions had been obeyed he would have gained any advance in price which may have occurred after the contract would have been consummated, he would be entitled to recover the loss of this profit, without reference to the question whether or not the exigencies of his business required him to buy other mules.

We are of the opinion that notice of the plaintiff's claim which was given to the company's agent was sufficiently broad to justify a recovery as against the sixty days limitation contained in the contract as shown in the printed form upon which the message was written. It was sufficient to apprise the defendant of the nature of the claim, and this is all that ought reasonably to be required.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 18, 1892.