WESTERN UNION TELEGRAPH COMPANY v. J. A. EDMONDSON.

No. 576.—Decided November 11, 1897.

**Telegram—Delay—Mental Suffering—Remote Damages.**

Tardy delivery of a message announcing a father's sickness, caused plaintiff a delay of twenty-four hours in coming to him and distress through uncertainty as to his condition in the meantime,—his death and burial occurring before plaintiff could have reached him had it been promptly delivered. Held, that such distress was not a damage to have been anticipated by the parties, and there could be no recovery therefor. (Pp. 207 to 210.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Washington County.

Edmondson brought the suit against the Telegraph Company, and the latter obtained writ of error from a judgment affirming, on its appeal, a recovery by plaintiff in the trial court.

*Norman G. Kittrell*, for plaintiff in error.—The uncontradicted proof being that Mrs. Edmondson could not have in any event reached her father's in time to see him die or see him buried, her only ground for damages was suspense. That her grief, as she stated, being because she feared he would die. If the fear of death caused her grief, certainly death could have but intensified that grief, and the delay postponed knowing such certainty, and failure to learn that which would have intensified grief cannot be ground for damages, hence if negligence there was it was damnum absque injuria. Rowell v. Tel. Co., 75 Texas, 26; Tel. Co. v. Parks, 25 S. W. Rep., 813; Baldwin v. Tel. Co., 33 S. W. Rep., 890.

*S. H. Goodlett* and *Beauregard Bryan*, for defendant in error.— Where a contract is made as in this case between a telegraph company and another for the benefit of a third party to give said third party certain information to effect certain objects and a breach is made and by reason of the breach distress of mind is caused, or if already existing is augmented by the breach, then the party suffering distress of mind which is shown to be the proximate results of the breach has a cause of action. Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Stephens, 2 Texas Civ. App., 129; Tel. Co. v. Womack, 9 Texas Civ. App., 607; Tel. Co. v. Richardson, 79 Texas, 651; Tel. Co. v. Simpson, 73 Texas, 422; Tel. Co. v. Pilzer, 36 S. W. Rep., 836; Tel. Co. v. Cooper, 71 Texas, 507.

Suspense and anxiety of mind of a beneficiary when the proximate result of a breach of contract by a telegraph company to deliver a telegram to the beneficiary, is actionable, because in this condition it is well known the acutest agony is suffered. Tel. Co. v. Richardson, 79 Texas, 651; Tel. Co. v. Simpson, 73 Texas, 422; Womack v. Tel. Co., 22 S. W. Rep., 417; Tel. Co. v. Womack, 9 Texas Civ. App., 607.

BROWN, ASSOCIATE JUSTICE.—J. A. Edmondson instituted suit in the District Court of Washington County to recover from the Western Union Telegraph Company damages alleged to have accrued to his wife by the failure of the Telegraph Company to deliver to her the following message:

"GATESVILLE, TEXAS, July 27, 1894.

Mrs. J. A. Edmondson, Brenham, Texas.—Your father was struck with paralysis this morning. Come to Clifton. [Signed] J. W. Sherrell."

Mrs. Edmondson lived in the country about twelve miles from Brenham, but in consideration of the extra sum of $2.50 the Telegraph Company agreed to send the message to her. The message was received at Brenham on the night of 27th of July, but was not sent to Mrs. Edmondson until the next morning, when at about 8 o'clock a. m. a messenger was started with the dispatch to her home and arrived there about 11:30 o'clock a. m. of the 28th of July, and then delivered the message to her. The nearest railway station was Gay Hill, three miles distant from her home. Only one passenger train passed the station during each day going in the direction of Clifton, and that train passed at 11:37 o'clock a. m. The message might have been delivered by 10 o'clock a. m. of July 28th by the use of ordinary diligence, in which event Mrs. Edmondson could have taken the train that day, but she did not have time after receiving the message to reach the station before the passenger train had gone, and was compelled to remain over until 11:37 o'clock a. m. July 29th, to start on her trip to Clifton.

The father of Mrs. Edmondson died on the afternoon of July 27th, before the telegram reached Brenham, and was buried on the afternoon of July 28th, before she could have arrived at his home if the telegram had been promptly delivered.

Mrs. Edmondson left Gay Hill at 11:37 a. m. July 29th, and arrived at Clifton at 5 p. m. of that day and by private conveyance reached her father's home at 9 or 10 o'clock that night. She first heard of her father's death when she arrived at Clifton. If the message had been promptly delivered she would have heard of his death twenty-four hours earlier. Mrs. Edmondson suffered much mental anguish on account of the suspense in not being able to hear what her father's condition was. The suit is brought for the damages arising from the mental suffering occasioned by the suspense in not knowing the condition of her father during the time that she was delayed.

Upon a trial in the District Court judgment was rendered for the defendant in error, J. A. Edmondson, for the sum of $1000, which was affirmed by the Court of Civil Appeals.

The plaintiff in this suit sought to recover alone upon the ground that by the failure of the Telegraph Company to deliver the message in proper time Mrs. Edmondson was delayed twenty-four hours in starting on her trip to her father, and that during that time she was in a state of suspense as to what his condition was, which caused her mental suffer-

ing. It is admitted that if the message had been promptly delivered the same state of anxiety would have existed up to the time she would have arrived at Clifton on her way to her father's home, but it is likewise claimed that the continuance of that mental anguish and suspense beyond that time was caused by the failure of the Telegraph Company to perform its contract and deliver the message in a reasonable time.

In the case of Rowell v. Western Union Telegraph Company, 75 Texas, 26, this court held that continued anxiety caused by failure to deliver a message did not constitute a cause of action against the Telegraph Company. It is claimed, however, that there is a distinction between that case and the one before the court, and that this case should not be governed by the rule laid down in Rowell v. Telegraph Company. In that case the plaintiff's wife had received a message announcing the sickness of her mother and advising her to come. In reply the husband sent a message inquiring as to the condition of the mother and stating that if she was no better his wife would come at once; an answer was placed with the Telegraph Company informing the husband that the mother of his wife was not in a dangerous condition, but the last message was never delivered, and the wife of the plaintiff was in great suspense as to the condition of her mother; for which the suit was brought. It will be observed that in that case the purpose of sending the message by the husband was to obtain information as to the then condition of his wife's mother and the purpose of the message which was not delivered was to impart that information; consequently the failure to deliver the last message directly caused the continued suspense and anxiety of the wife by frustrating the very purpose which the parties had in sending the last two messages. Notwithstanding this, this court held that continued suspense and anxiety of the daughter as to the condition of her mother did not give a right of action for damages, and we see no reason to overrule or modify that decision.

The case before the court is not so strong for the plaintiff as was the case of Rowell v. The Telegraph Company. In this case the purpose of sending the telegram was to inform Mrs. Edmondson of the illness of her father and to afford her the opportunity of going to him and of being with him in his affliction and to be present at his funeral in case of his death. It was not the purpose of sending the telegram to keep her informed as to the condition of her father from the time that she received it until she should arrive at some place where she would acquire information as to his condition.

In Rowell v. Western Union Tel. Co., cited above, Judge Gaines, speaking for the court, said: "We are of the opinion that the demurrer was properly sustained. The damage here complained of was the mere continued anxiety caused by the failure promptly to deliver the message. Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases, but the cases are rare in which such emotion can be held an element of the damages resulting from the breach. For injury to the feelings in such cases the courts

can not give redress. Any other rule would result in intolerable litigation." This language applies with equal force to the facts of the case now before us. It is not true that a party is entitled to recover damages for all mental anguish which he may suffer in consequence of a failure on the part of the Telegraph Company to deliver a message entrusted to it for his benefit, but the measure of his recovery must be determined by the general rule of law which applies to all cases of breach of contract, which rule so far as applicable to this case is thus expressed: "When two parties have made a contract which one of them has broken, the damages which the other ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered as arising naturally, i. e., according to the usual course of things, from such breach of contract itself or as may reasonably be supposed to have been in the contemplation of the parties at the time that they made the contract as the probable result of the breach of it." Tested by this rule the plaintiff was not entitled to recover for the suspense and mental anguish of his wife arising from the fact that she was not informed of the condition of her father between the time of receiving the message and her arrival at Clifton, because the telegram itself, considered from the standpoint of the Telegraph Company, would not indicate that a failure to deliver it in due time would produce any such result; that is, the suspense and mental anguish claimed to have existed cannot fairly and reasonably be considered as arising naturally and in the usual course of things from the failure to deliver the message; nor can it be reasonably supposed that the parties at the time they made the contract had in contemplation that in case it was not promptly delivered Mrs. Edmondson would suffer such anxiety and suspense because of the fact that she did not know whether her father was dead or alive. The company was notified as a matter of law by the terms of the telegram that in case it failed to deliver it according to its undertaking or to exercise ordinary and reasonable care to do so, the party addressed might fail to reach the father in time to be with him during his sickness and might in case of his death fail to reach his home in time to be at his funeral, and that such failure would produce in the ordinary course of things mental anguish. Tel. Co. v. Carter, 85 Texas, 580; Loper v. Tel. Co., 70 Texas, 690. This can reasonably be supposed to have been within the contemplation of the parties at the time they made the contract and it is for such results that the law holds the Telegraph Company liable for damages. In other words, whatever may arise in the usual course of things from the failure to accomplish the purpose indicated by the terms of the message may be considered within the contemplation of the parties at the time the contract was made as being the probable result of the breach of it, and for this the party who fails to comply is held responsible. Tel. Co. v. Stiles, 89 Texas, 312.

The mental anguish, anxiety and suspense suffered by Mrs. Edmondson was incident to the failure of the company to deliver the message, but was not one of the natural and usual results of such failure; and the

claim based thereon does not come within the general rule laid down for ascertaining the liability of parties for breach of contracts, nor does it come under any rule announced by this court, and we have neither authority nor inclination to extend the right of recovery in this class of cases beyond the limits already fixed by the decisions of this court.

Under the facts of this case the District Court should have instructed the jury to return a verdict for the defendant, and it appearing that no amendment of the pleading can be made under which a recovery could be had against the defendant it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that judgment be here entered that the defendant in error take nothing by his suit and that plaintiff in error go hence without day and recover from defendant in error all costs of all courts.

*Reversed and rendered for defendant.*