## Western Union Telegraph Company v. Lula McFadden.

### Decided June 4, 1903.

**Telegraph Company—Mental Anguish—Recovery Denied.**

A message reading, "Charles is sick; call me up by telephone," was sent to the plaintiff, the mother of Charles, a girl, and through negligence was not delivered until too late for the mother to take that evening's train for the point where Charles was. She telephoned for the daughter to be sent home on the first train, and this was done, the train leaving that night at 12:30. Plaintiff testified that had the message been duly delivered she would have gone on that evening's train after her daughter, and that she suffered great mental anguish in being deprived of being with her daughter on the trip home and ministering to her. The company had no notice other than the message itself. Held that the message did not indicate that plaintiff was expected to come by train, and she was not entitled to recover, and the matters for which she sought recovery were not the natural or probable result of the negligence.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*Geo. H. Fearons* and *Young & Stinchcomb,* for appellant.

*E. W. Smith* and *Branch, Matthews, Harris & Beeson,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for mental anguish alleged to have been caused her by the negligent failure of appellant to transmit and deliver with reasonable promptness the following telegraphic message: "Nacogdoches, Texas, 7-8-00.—To Mrs. McFadden, Alto, Texas: Charles is sick. Call me up over telephone.  Mrs. Emmett Smith."

The petition alleges in substance that the person named in said telegram, Charles, was the daughter of appellee and was about 16 years old; that she was at the time said telegram was sent sick at the home of Mrs. Smith in Nacogdoches, and appellee was at her home in Alto, Texas; that said message was delivered to appellant for transmission to appellee at 9:30 o'clock a. m. on the 8th day of July, 1900, but was not delivered to appellee until about 5:55 o'clock p. m. on said day; that the purpose of sending said telegram was to inform appellee of her daughter's sickness in time for her to take the train from Alto to Nacogdoches, which left the former place at 5:50 o'clock p. m. on said date and arrived at Nacogdoches at 2:30 a. m. of the next day; that the failure of appellant to deliver said message with reasonable promptness prevented appellee from going to Nacogdoches on the evening of July 8th and accompanying her daughter home; that when appellee received said message she went to the telephone office and requested Mrs. Smith to send her daughter home by the first train; that in obedience to said request her daughter was put upon the train at Nacogdoches at 12:30 o'clock on the morning of July 9th and reached home about 9 o'clock a. m. of that day; that her daughter made the trip alone and appellee suffered great mental anguish by being deprived of the opportunity of going at once to her daughter and caring for her while at Nacogdoches, and of accompanying and ministering to her during her trip from Nacogdoches to Alto.  The prayer of the petition is for damages in the sum of $999.75.

The appellant answered in the court below by general demurrer and special exceptions, general denial, and special pleas in which it is averred:  (1) That the failure to deliver the message more promptly was due to the fact that the 8th of July, 1900, was Sunday, and that the message was not received for transmission within the regular office hours established by appellant for the transaction of its business in sending messages at Nacogdoches and Alto.  (2) That if appellee suffered any mental anguish by reason of her daughter being alone upon said trip, same was directly due to appellee's contributory negligence in ordering her to come home on the next train.

The case was tried by the court without a jury and judgment was rendered in favor of plaintiff for $150.  The evidence is sufficient to sustain the finding of the trial court that appellant was guilty of negligence in not delivering the telegram earlier, and that if same had been delivered with reasonable promptness appellee would have gone to Nacog-

doches and accompanied her daughter home. Appellee testified that she suffered mental anguish by reason of her not being able to go to her daughter at Nacogdoches and not being with her during her trip from Nacogdoches to Alto. The daughter was not known to be seriously sick when she left Nacogdoches, but after her arrival at home became very sick and died seven days thereafter. Mrs. Smith was able and willing to keep and care for Miss Charles, and there was no necessity shown for her coming home on the night of July 8th. A train left Alto for Nacogdoches on the evening of July 9th, and appellee could have gone to Nacogdoches on that train and returned with her daughter that night. Appellant had no notice of the purpose of the telegram nor of the importance of its prompt delivery other than as shown by the message itself.

Neither the facts pleaded nor those proven are sufficient to establish any liability on the part of the appellant for the mental anguish suffered by appellee. In order to fix liability upon a telegraph company for damages for the failure to deliver a message intrusted to it for transmission it must be shown that the damages sustained are such as may be fairly and reasonably considered as arising naturally or in the usual and ordinary course of events from the breach of the contract to transmit the message, or such as may be reasonably supposed to have been in contemplation of the parties at the time the contract was made, as a probable result of its breach. It can not be said from the facts in this case that the inability of appellee to take the train for Nacogdoches and her consequent mental anguish at being thus prevented from going to her daughter and accompanying her on her trip home may fairly and reasonably be considered as a result that would naturally arise from the failure of appellant to promptly deliver the telegram, nor one which may reasonably be supposed to have been in contemplation of the parties at the time the contract for the transmission of the message was made. The message itself contains no intimation that the purpose of sending same was to induce appellee to come to Nacogdoches, and there is nothing in its language from which it could be presumed that appellee would, if it had been promptly delivered, take the first train to Nacogdoches. It is not stated in the message that appellee's daughter is seriously sick, and appellee is only requested to talk with the sender over the telephone. The idea that the purpose of the telegram was to bring appellee to Nacogdoches is negatived by the express language of the message. There is no evidence that appellant had any information as to the purpose of the message or the probable consequences of a failure to promptly deliver same other than was contained in the message itself. If we accept as true the statement of appellee, that if the message had been promptly delivered she would have gone to Nacogdoches on the evening of July 8th, and that she suffered mental anguish by being deprived of this privilege, it is nevertheless clear that the mental anguish suffered by her because of her inability to go to her daughter at Nacogdoches and accompany her home, while incident to the failure of the appellant to promptly

deliver the message, was not a natural and usual result of such failure. Telegraph Co. v. Edmonson, 91 Texas, 206; Telegraph Co. v. Powell, 75 Texas, 26; Telegraph Co. v. Gotcher, 53 S. W. Rep., 686; Telegraph Co. v. Stacy, 41 S. W. Rep., 100; Johnson v. Telegraph Co., 14 Texas Civ. App., 536, 38 S. W. Rep., 64.

We think it is clear under the decisions above cited that no recovery can be had upon the undisputed facts in this case. The judgment of the court below will therefore be reversed and judgment here rendered for appellant, and it is so ordered.

*Reversed and rendered.*