WESTERN UNION TELEGRAPH CO. v. VICKERY.

(Court of Civil Appeals of Texas. Dallas. June 7, 1913. Rehearing Denied June 28, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 68*) — DELAY IN DELIVERING MESSAGE — DAMAGE FOR MENTAL SUFFERING—ELEMENTS.

In an action for mental suffering caused by delay in delivering telegram notifying the addressee of his brother's funeral, suffering caused by the fear that those present at the funeral might think his absence due to want of affection for his brother is not a proper element of damage, since it is too uncertain to have been in the contemplation of the parties at the time the contract was made.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

2. TRIAL (§ 133*)—MISCONDUCT OF COUNSEL—ACTION OF COURT.

Where counsel for the plaintiff argued that such a fear is a matter that would cause suffering to the plaintiff, and the court refused to give a requested charge that such suffering was not an element of damage in the case, it cannot be said that the same verdict would have been reached if the error had not occurred and the judgment will be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

3. WITNESSES (§ 400*) — CONTRADICTION — RIGHT TO CONTRADICT OWN WITNESS.

A party in a civil action may contradict the testimony of his own witness even though he is not surprised thereby.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 400.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by E. L. Vickery against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. G. Senter, N. L. Lindsley, and E. G. Senter, all of Dallas, for appellant. J. M. Overstreet and Carden, Starling, Carden & Hemphill, all of Dallas, for appellee.

TALBOT, J. The statement of the case made by appellant is not contested by appellee, and we take it to be correct and adopt same, viz.:

"Plaintiff, E. L. Vickery, sued the defendant, Western Union Telegraph Company, alleging that he had suffered damage in the sum of $1,999.99 as the result of the failure of defendant to deliver to him a message filed at Hico, Tex., and reading as follows: 'Hico, Texas, 2—21—11. E. L. Vickery, 2713 Gaston Ave., Dallas: Brother will be buried here Wednesday. A. A. Vickery.'

"The plaintiff alleged that the sender of the message was his brother; that he had another brother by the name of J. L. Vickery, who died in New Mexico a few days prior to the date of the message, whose death was unknown to plaintiff until February 23, 1911, when he first learned of such death and burial and when he first learned about the message; that the message was dictated to and written by an agent of the defendant, and that the agent by mistake understood and addressed it to 2713 Jackson avenue; that soon thereafter the sender discovered the mistake and again notified the agent that the correct address of the plaintiff was 2713 Gaston avenue; that the agent then assured him that that was all that was necessary to cause the delivery of the message to plaintiff at his correct address; that defendant's agent at Hico knew when the message was delivered to him that its contents related to a brother of the plaintiff and that the purpose was to advise plaintiff of the death of his brother so as to enable him to be present at the burial and funeral; that if the defendant had exercised ordinary care it could and should have delivered the message to plaintiff at his residence, 2713 Gaston avenue, Dallas, in time for him to have gone to Hico and to have been present at the burial and funeral of his brother; and that if the message had been delivered to him he would have been present at the funeral and burial.

"Defendant answered by general denial and with special pleas: (1) That plaintiff was fully advised on and prior to the 20th of February that his brother had been shot and dangerously wounded and that he would probably die, or might die, as a result of his wounds, and that with such knowledge plaintiff made no effort whatever to ascertain the condition of his brother from day to day, or to communicate with him, or to ascertain whether he was dead, or to ascertain where he would be buried if he died, and made no preparations of any sort to attend his funeral if he should die, and wholly neglected and failed to take any steps whatever that would have shown a brotherly interest in his wounded relative, or to exhibit any desire to communicate with him, or to send his consolations to his brother, or to receive any message from him, or to con-

tribute to relieve his sufferings, or to minister to him in any way, or to co-operate with his other relatives who he knew were in communication with his wounded brother, but on the contrary exhibited complete indifference to his brother and to his condition or danger; that if the plaintiff had so desired he could have been in communication with his brother by telegraph and by mail, and could and would have known from day to day his condition, and would have been advised of his death; that plaintiff wholly neglected to take any such steps as a brother would ordinarily have done under such circumstances; that if he had so done he would have been fully apprised of all the facts relating to the death and burial of his brother, independent of the message described in his petition, and could and would have been present at the funeral of his brother; that the message was filed at the office of the defendant at Hico on the 20th of February, 1911, and that plaintiff's brother was not buried until February 22, 1911, at 3 o'clock p. m.; that the train time between the city of Dallas and the town of Hico, where the brother of the plaintiff was buried, is only about five hours, and that there were several morning trains leaving Dallas every day on which plaintiff might have gone to Hico; that by the exhibition of any interest whatever in his brother's condition and prospective death and burial, and with the knowledge of the facts which he had on and prior to the 20th of February, plaintiff could have gone to Hico and could and would have been present at the funeral of his brother, acting upon the information which he had independent of the message described in his petition, and because of his failure so to do plaintiff was guilty of contributory negligence. (2) That plaintiff on and prior to the 20th of February did not remain, during the day, at his room at 2713 Gaston avenue, but that he was constantly away from said place, and that he knew prior to said time that he would be away from said place throughout each day; that prior to said time he was in possession of the knowledge that his brother was wounded and would probable die, and that information might come to him any day of the death of his brother and touching the plans for his burial; that there was no one present at the rooms of the plaintiff at said time to receive any such information that might be delivered there, and that plaintiff, with a knowledge of all said facts, made no arrangements for the receipt of such information or any telegrams in his behalf, and made no sufficient or adequate arrangements whereby he could and would have been advised of the receipt of any telegrams intended for him with reference to said matter, and that the failure of the plaintiff to make any such arrangement was contributory negligence."

After due consideration of all the assignments presented by appellant, we have con-

cluded that none require reversal of the case except assignments 15 and 16, which pertain to the same matter, and are grouped by appellant; therefore we will discuss but two propositions raised by said assignments, which read:

"(15) The court erred in overruling paragraph 25 of defendant's motion for new trial complaining of the refusal of the court to give to the jury special instruction No. 20 requested by the defendant.

"(16) The court erred in overruling paragraph 28 of, defendant's motion for new trial, complaining of the improper argument by counsel for plaintiff in which he argued to the jury that among the matters that would cause the plaintiff to suffer mentally would be the thought upon his mind that those present at the funeral might misconstrue his absence, and that he might be thought by them to be wanting in brotherly' affection because of his absence from the funeral, said argument being highly prejudicial to the defendant, and the plaintiff not being entitled to recover damages on any such grounds, and the court then and there having refused a request made by defendant that it would instruct the jury not to consider said argument, and having indicated by its ruling to the jury that the court would consider that the jury had a right to give the plaintiff damages upon the grounds thus argued by plaintiff's counsel, and the court having further refused a request made by the defendant in writing instructing the jury not to consider such argument, all of which more fully appears in defendant's bill of exception No. 1, and in its special instruction No. 20."

[1] Counsel for plaintiff in the concluding argument to the jury contended "that among the matters that would cause the plaintiff to suffer mentally would be the thought upon his part that those who were present at the funeral might misconstrue his absence, and that he might be thought by them to be wanting in brotherly affection because of his absence from the funeral." Whereupon counsel for the defendant objected to said argument upon the ground that such a matter did not constitute a proper element of recovery herein and asked the court to instruct the jury not to consider said argument, which request was refused by the court, to which ruling the defendant excepted.

Appellant requested the following instruction: "You are instructed to disregard the argument of counsel for the plaintiff in the concluding argument to the effect that the plaintiff has suffered mentally as the result of his absence from the funeral being misunderstood by others; such suffering, if any, not being an element of damages for which he may recover in this case." The court in its charge instructed the jury that if plaintiff was entitled to recover to find for mental suffering, without in any way confining them to the character of mental

suffering for which plaintiff was entitled to recover. The suffering for which one is entitled to recover is that which would naturally arise in every one in being deprived of the privilege of attending the funeral of a near relative. What one might conceive in his brain as to what the opinion of people might be of him in the event he was not present at the funeral is too uncertain as an element of damages and could not well have been in contemplation when the contract for the delivery of the message was entered into. The measure of damages must be governed by what the parties to the contract reasonably supposed would result from a breach of the contract; that is, such as arise naturally and in the usual course of things. Telegraph Co. v. Edmondson, 91 Tex. 206, 42 S. W. 549.

Where one dies it is natural for his relatives to desire to attend the funeral and they are grieved if prevented from doing so, but to suffer on such occasions for what others might think of them because absent does not naturally arise, and to consider it as a ground of recovery would be carrying the doctrine to its fullest extent and to an extent to which the courts of our state have not gone. Telegraph Co. v. Edmondson, supra.

[2] By counsel arguing to the jury an element of damages which under the law the jury had not a right to consider, for which the court failed to admonish them, was not correct; the court also failing to give an instruction requested by appellant that they should not be controlled by such argument, which instruction should have been given, under the circumstances was calculated to induce the jury to believe that such was the rule of law, and which may have been considered in reaching their verdict. Under the circumstances, we are not prepared to say that the same verdict would have been rendered had this proceeding not occurred.

[3] In view of a new trial, it may be well to give notice to the seventh assignment of error, which complains that after appellee had introduced the testimony of Roscoe Favors, which tended to show that he delivered the message at the house where appellee was staying, appellee was permitted to introduce evidence showing that no such delivery was made. The contention is that a party cannot contradict his own witness, unless he has been surprised by some statement by the witness, etc., and in support of this contention Railway Co. v. Crump, 110 S. W. 1013, is cited. That case was decided by this court, and we are still of the opinion, under the facts of that case, we were correct. As a general rule a party cannot contradict his own witness, but there are exceptions to this general rule. As illustrative we quote section 857 of Jones on Evidence (1912 Ed.) as follows: "The general rule that one cannot impeach his own witness must not be understood to imply that the party is bound to accept such testimony as correct. On the contrary, it is very clear that the one producing a witness may prove the truth of material facts by any other competent evidence, even though the effect of such testimony is to directly contradict his own witness. Thus in an action on warranty by defendant's servant, where the servant was called by the plaintiff as a witness and testified that he had given no warranty, the plaintiff was allowed to prove, by other witnesses, that the servant had in fact given such warranty. So where the defendant called the plaintiff as to the ownership of the note sued on, the defendant was allowed to disprove by other witnesses the testimony thus given. A party may offer the books of his witness in evidence, although they contradict the testimony of such witness. A party is not bound by all the statements of a witness called by him, if adverse, even though no other witnesses are called to contradict him; the party may rely on part of such testimony, although in other parts the witness denies the facts sought to be proved. It has been well said that, if the other rule should prevail, 'every one would be at the mercy of his own witnesses, and, if the first witness sworn should swear against him, he would lose the testimony of all the rest. This would be a perversion of justice.'"

The above quotation is applicable to the facts of this case, and we think shows there was no error in admitting said testimony.

For the error indicated, the judgment is reversed, and the cause remanded.