**J. I. CASE THRESHING MACH. CO. v. FIRST NAT. BANK OF DECATUR.**

(Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1913.)

**1. PRINCIPAL AND AGENT (§ 89*)—ACTIONS — SPECULATIVE DAMAGES.**

In an action for damages for the fraudulent interference of a selling agent's principal, whereby it was claimed the agent was deprived of a commission, it appearing that the principal made a direct bargain with a customer whom the agent had interested, the agent cannot recover his commission, in the absence of a showing that the purchaser would have bought without a reduction made by the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. § 89.*]

**2. PLEADING (§ 169*) — SUPPLEMENTAL PETITION—OFFICE OF PETITION.**

The basis of a plaintiff's cause of action should not be left to be found in the supplemental petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 331; Dec. Dig. § 169.*]

**3. APPEAL AND ERROR (§ 1041*)—REVIEW — HARMLESS ERROR.**

A judgment will not be reversed merely because the basis of a plaintiff's cause of action appeared first in the supplemental petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

**4. PAYMENT (§ 9*)—WHAT CONSTITUTES.**

Where a corporation, which was the selling agent of a manufacturer, assigned its claim to a commission out of which it had been defrauded by the manufacturer, the delivery to and retention by one member of the agent corporation of a nonnegotiable instrument for an installment of the commission in controversy does not constitute a payment, in the absence of any showing whether it was sent before or after the assignment of the claim to the plaintiff or the beginning of the suit.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 34, 38, 40, 41, 45, 49, 53; Dec. Dig. § 9.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by the First National Bank of Decatur against the J. I. Case Threshing Machine Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Spence, Knight, Baker & Harris, of Dallas, for appellant. R. E. Carswell, of Decatur, for appellee.

HENDRICKS, J. In this case the First National Bank of Decatur sued the J. I. Case Threshing Machine Company, a corporation, and Helm, Ward & Dillehay, another corporation, for $252.73, the appellee bank alleging that the latter was employed by the Threshing Machine Company to represent it in the sale of its machinery and products in Wise county, Tex., and as agents to secure purchasers for the sale of said machinery, and under the contract between them the Case Threshing Machine Company was to pay Helm, Ward & Dillehay, the agent corporation, a commission of 10 per cent. on the purchase price of all machinery that they might sell or be instrumental in selling in Wise county, and, where sales were made on deferred payments, the commissions to the agents were to be paid when the installments of the purchase price were paid by the purchaser of the machinery, and in the latter event when such sale was made the Threshing Machine Company was to issue to said agent nonnegotiable certificates representing the commission due upon each installment. The Threshing Machine Company, among other things, answered that the particular contract provided that, upon sales made by its agent and approved by the Case Company, the latter would pay a commission of 10 per cent. on the basis of list price and all discounts, deductions, or allowances of any kind were agreed to be charged against the commission. In reply the plaintiff, to whom this claim had been assigned, by supplemental petition, pleaded that, as to the particular sale with reference to which they were claiming a commission, the agents had made diligent efforts to sell to the purchasers, Thompson & Clegg, the threshing machine outfit, and that said Thompson & Clegg would have purchased the same from Helm, Ward & Dillehay, the agent corporation, but for the fraudulent interference and acts of defendant's agents, alleging that one Moore, representing the Threshing Machine Company, came to Decatur, Tex., at night and conferred with the proposed purchasers, who met said agent at the train, and who persuaded the prospective purchasers to accompany him to Dallas to prosecute and complete the negotiations for said sale; that at Dallas said company sold said threshing outfit at a price less than the list price; and that but for the clandestine and fraudulent acts of said Moore, the agent corporation, Helm, Ward & Dillehay would have made the sale to Thompson & Clegg at the list price and would have earned its commission of $252.73. The evidence is undisputed that the list price of the machinery sold by the Threshing Machine Company to Thompson & Clegg was $2,494.75; that Thompson & Clegg purchased said machinery for $2,276.26, evidenced by seven installment notes of different amounts, maturing at different times between July, 1912, and August, 1915, the purchasers paying the freight of $257.76. The court, without the assistance of a jury, rendered judgment against the Threshing Machine Company for $249.47, which was 10 per cent. of the list price.

[1] It will be seen that the theory of the appellees for recovery in this case was in reality attempted to be based upon allegations of a fraudulent destruction by the Threshing Machine Company of the fruits of its commission contract, having found the purchaser for the machinery, and, except for the alleged fraudulent interference of one

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of the Case Company's agents, it could have realized upon its said contract by making a sale of the property at said list price. The record is totally lacking of any evidence to sustain what we consider a necessary element of plaintiff's cause of action; that is, proof that the sale could have been made to Clegg & Thompson at the list price, the company agreeing to pay 10 per cent. commission, to be "calculated and allowed only on the basis of the list price." The nearest case in point which has been presented or that we can find applicable to the question involved is that of Equitable Mortgage Company v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 577, which case, however, seemed to embrace an exclusive contract, by the terms of which the mortgage company was to make loans upon land in a certain county through no other person but its agent in that county, and the mortgage company, without the assistance of said agent, Weddington, negotiated loans upon land situated in that county through an agent other than the appellee, who sued the mortgage company to recover a commission of 2 per cent. as damages for the breach of the contract. The Court of Civil Appeals of the Second District said, "where one party to a contract is prevented by the other from earning profits thereunder, and the amount of such profits that would have been earned can be reasonably ascertained from the evidence, this would furnish the measure of damages," citing Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; Telegraph Company v. Brown, 84 Tex. 54, 19 S. W. 336. And that court further said: "In this case, if the jury, under the evidence, should find that, had these loans been referred to appellees, they would have realized commissions that were paid to the agent who did negotiate them, or, if the evidence should reasonably show that they would have been able to have obtained a greater commission than was paid, they should be allowed to recover the amount that was so lost." And further holding that as the appellee had pitched his cause upon the ground of a breach of the contract, gauged by the profits reserved to him in the contract, "they must be restricted to the compensation they would have earned had the contract not been broken by appellant, and, to entitle them to this compensation, they must be able to show the amount with reasonable certainty. Wholly conjectural commissions cannot be recovered."

[2, 3] In this case, appellee, by its original petition, did not strictly plead the provisions of the contract, which were specifically pleaded in answer by the Threshing Machine Company, and in reply to which the nature of its cause of action was then made to sound in fraud, to which appellant objects. Of course, the basis of plaintiff's cause of action should not be in a supplemental petition. However, under the present rules, we would not have reversed the case solely upon that ground.

[4] The appellant in this case also assigns error on the ground that the contract fixed the commission upon a sale of this kind at $31.01, using the list price as a basis for the amount of the agent's commission and to be represented by a nonnegotiable instrument, the installments owing by the purchaser of the machinery not having been paid, and this instrument having been tendered and accepted under the terms of the contract, the agent nor the assignee could recover. W. C. Lemmon, the manager of the branch house of the Case Company, Dallas, Tex., testified that he sent the certificates to the agents for $31.01, as the amount of their commission on the sale, and that he arrived at said sum by taking 10 per cent. of the list price and deducting therefrom the discount in price and 31 cents for filing mortgage and postage; and W. A. Helm, one of the members of the corporation, admitted that he had the certificates somewhere in the office of the agents—all of which seems to have been undisputed. We are not, however, prepared to say that the corporation, upon this evidence, without other elements, had received the certificates in question, in payment of its services for the sale of the machinery. The brief, with the statement supporting this proposition, does not indicate when they were sent, whether before or after the assignment of the claim to the First National Bank of Decatur, and the filing of this suit, and on account of the evidence not being conclusive of the acceptance by the corporation, whether you regard it as a settlement, or accord and satisfaction, we are unable to hold that there has been a tender and acceptance which will conclusively estop the corporation agent or its assignee from any other recovery.

For the error indicated with reference to the absence of proof on the matter of the measure of damages, we are required to reverse and remand this cause, and it is, accordingly, so ordered.