WESTERN UNION TELEGRAPH CO. v. SANDERS. (No. 538.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1920.)

TELEGRAPHS AND TELEPHONES ⬤⟶67(2)—NOTICE HELD INSUFFICIENT TO WARRANT RECOVERY OF SPECIAL DAMAGES.

Where owner of hogs sent message to prospective buyer stating: "Can see hogs today. Over thirteen thousand pounds. Come today"— informing telegraph company's agent to rush the message through, as he expected prospective buyer to come on the train the same morning to get the hogs, as he had them ready and waiting for buyer, the company did not have notice that special damage would result from nondelivery of message, and the failure to promptly deliver it, preventing the buyer from buying the hogs, did not entitle the buyer to recover the profits he would have made if he had purchased the hogs at the prevailing market price.

Appeal from Shelby County Court; J. L. King, Judge.

Suit by J. W. Sanders against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Young & Stinchcomb, of Longview, and E. H. Carter, of Center, for appellant.
Sanders & Sanders, of Center, for appellee.

WALKER, J. This suit was instituted in justice court against appellant for damages alleged to be accrued on account of the failure of appellant to transmit and promptly deliver the telegram shown in the court's conclusions of fact hereinafter set out. The court's conclusions of fact make a sufficiently full statement of the case. The court found:

"(1) On January 17, 1917, J. H. Oliphant filed a telegraph message with the agent of the Western Union Telegraph Company at Hemphill, Tex., addressed to Jim Sanders, stock dealer, Center, Tex., stating: 'Can see hogs today. Over thirteen thousand pounds. Come today.'

"(3) At the time the telegraph message hereinbefore set out was filed with the defendant's agent at Hemphill, Tex., the notice of the importance of the message given the defendant was such as was conveyed by the words in the message, and the statement from Oliphant to the agent of defendant who received the message for transmission to rush the message through, as he, Oliphant, expected Sanders to come down on the train the same morning the message

was sent to get the hogs, as he had the hogs ready and waiting for him.

"(4) Oliphant paid 25 cents, the regular rate, for the transmission and delivery of the message.

"(5) By reason of the negligence of the defendant, the telegraph message was not promptly delivered to the plaintiff.

"(6) I find that the plaintiff would have given the said J. H. Oliphant 7¾ cents per pound for the hogs at Hemphill, and that the same was the market value of the said hogs at that place at that time.

"(7) It was the intention of the plaintiff to have the hogs transported from Hemphill, Tex., to Ft. Worth, Tex., by rail, and sold at the latter place, and if the plaintiff had purchased the hogs and had transported them to Ft. Worth, Tex., and sold them, he would have made net, over and above expenses, the sum of $175.

"(8) The distance from Hemphill, Tex., to Ft. Worth, Tex., is 279 miles.

"(9) The failure to promptly deliver the message prevented the plaintiff buying the hogs."

On these conclusions of fact the court rendered judgment in favor of Sanders against appellant for $175.

This message, considered in connection with the statement made by Oliphant to the agent of the appellant at the time the message was delivered for transmission, is not sufficient to visit upon appellant the special damages claimed in this suit and awarded by judgment of the court. Western Union v. Barkley, 62 Tex. Civ. App. 573, 131 S. W. 849; Western Union v. McFadden, 32 Tex. Civ. App. 582, 75 S. W. 352; Western Union v. Edmondson, 91 Tex. 206, 42 S. W. 549; Western Union v. Brown, 84 Tex. 54, 19 S. W. 336; Western Union v. Woods, 63 Tex. Civ. App. 338, 133 S. W. 440.

In stating the last case cited, Justice Fly, speaking for the Court of Civil Appeals for the Fourth District, said:

"This is a suit for damages instituted by appellee, alleged to have accrued on account of the failure to deliver a telegram sent by appellee, from Alice, Tex., to his stepson, Robert Spence, at San Antonio, Tex., as follows: 'Go to Frost bank and get money.' It was alleged that appellee desired to purchase a bull, and had made arrangements for Spence to buy one for him, and that the telegram was sent in reply to one saying: 'Bought. Will need money at once'— and if the telegram had been delivered to Spence, the purchase of the bull, for $175, would have been consummated, and the bull would have been shipped to Santiago, Duval county, Tex., where he would have been of the reasonable market value of $500. * * * Appellee did not state that he told the operator at Alice that the bull was to be shipped to Santiago, or to any other place, but merely told him that he 'had a deal on for a bull, and had to get the money there [at San Antonio] that evening.' * * * The measure of damages in this case, under the facts in evidence, is the difference between the contract price and the market price

at the place of purchase, on the day on which the option expired. * * * The value of the bull in Santiago could not form the basis for arriving at any damages sustained by appellee."

It is not shown that Sanders had any contract to purchase these hogs from Oliphant, but only that he would have had an opportunity to buy them. As shown by the court's findings, Sanders would have bought them, but he would have paid the market price. In the absence of circumstances visiting the defendant with knowledge of the special damages, in view of the fact that Sanders would have paid the full market value of the hogs, he has no basis of recovery under the rule announced in the above cases. Therefore the judgment rendered in favor of appellee is reversed and judgment is here rendered in favor of appellant.

Reversed and rendered.