WESTERN UNION TELEGRAPH CO. v. GEORGE P. BRITTAIN & SONS. (No. 537.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1920.)

1. Telegraphs and telephones &#9758;67(2)— Purchaser's messages held not notice of special damages from nondelivery.

Messages by a purchaser to a seller, reading: "I am sick, can't come now. Will let you know later"—and "Will be there," in connection with statements that he had a contract whereby the addressee was to deliver cattle, and that he wanted to send a message to have the addressee hold them, held not notice that the purchaser would suffer special damages for loss of profits on the purchase and shipment of the cattle, delivery of which was refused by reason of nondelivery of messages.

2. Telegraphs and telephones &#9758;70(1)— Damages for nondelivery of cattle limited to difference between contract and market price in absence of notice of special damages.

Where by reason of a telegraph company's neglect to deliver a purchaser's message relative to holding cattle for delivery the seller declined to deliver them, the measure of damage, in the absence of notice of special damages, is

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the difference between the market value and contract price at the place of delivery, and in case there is no difference there can be no recovery.

Appeal from Shelby County Court; J. L. King, Judge.

Action by George P. Brittain & Sons against the Western Union Telegraph Company. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Young & Stinchcomb, of Longview, and E. H. Carter, of Center, for appellant.

Sanders & Sanders, of Center, for appellees.

WALKER, J. This suit was filed by appellees against appellant to recover damages for the failure to transmit and promptly deliver certain telegrams. In part, the court's conclusions of fact are as follows:

"(1) I find that prior to August 14, 1916, the plaintiffs, through Geo. P. Brittain, had made a contract with N. A. Hays, of Hornbeck, La., to purchase two cars of cattle from him, the said cattle to be delivered to the plaintiffs at Hornbeck, La., on August 15, 1916.

"(2) I find that the plaintiffs were to pay N. A. Hays the market value for the cattle at Hornbeck, La.

"(3) On August 14, 1916, Geo. P. Brittain, one of the plaintiffs, was sick at his home at Patroon, Tex., which is about 19 miles from Center, Tex., and on said date called up the agent of the defendant at Center, Tex., at about 6 or 7 o'clock p. m., and told the defendant's agent at Center, Tex., that he wanted to send a message to Mr. N. A. Hays, at Hornbeck, La., about some cattle. The said Geo. P. Brittain told the agent of the defendant that he had a contract with N. A. Hays, at Hornbeck, La., whereby the said N. A. Hays was to deliver to him, the said Geo. P. Brittain, some cattle at Hornbeck, and that he wanted to send a message to said N. A. Hays for the purpose of having N. A. Hays hold the cattle for him. * * *

"(4) The telegraph message was taken by defendant's agent at Center, Tex., at the request of the said Geo. P. Brittain, and written on one of the message blanks of the defendant, and, that said message was in words and figures as follows: 'Center, Texas, Aug. 14, 1916. Mr. N. A. Hays, Hornbeck, Louisiana. I am sick, can't come now. Will let you know later. [Signed] Geo. P. Brittain.' * * *

"(7) I find that on August 15, 1916, the said Geo. P. Brittain was at his home in Patroon, Tex., 19 miles from Center, Tex., and called the defendants' agent at Center, Tex., over the telephone and gave him, at about 4:58 o'clock p. m. on said date, a message addressed to N. A. Hays, at Hornbeck, La., stating 'Will be there 16th.' * * *

"(8) I find that the said Geo. P. Brittain went to Hornbeck, La., arriving there on August 16th, and went there to purchase the cattle, but that N. A. Hays had turned the cattle back on the range.

"(9) I find that on August 14, 1916, N. A. Hays had gathered for the plaintiffs 94 head of cattle and had them in a pasture ready for delivery to the plaintiffs.

"(10) I find that on August 15, 1916, the said N. A. Hays, not having heard from the said Geo. P. Brittain, and the said Brittain not having arrived at Hornbeck, turned the said 94 head of cattle back on the range.

"(11) When Geo. P. Brittain got to Hornbeck, La., on August 16, 1916, he found that N. A. Hays had turned his cattle on the range, and refused to attempt to gather them for him again.

"(12) I find that if the said 94 head of cattle had been delivered to the said Geo. P. Brittain, at Hornbeck, La., for the plaintiffs, the said Geo. P. Brittain would have loaded them on the train at Hornbeck, La., and transported them from that place by rail to Zwolle, La., and there unloaded them, and would have driven them from Zwolle, La., to Center, Tex., and at Center, Tex., would have sold them to E. N. Runnels, at said Center, Tex., on a contract he had with E. N. Runnels.

"(13) I find that the distance from Hornbeck, La., to Zwolle, La., is about 25 miles and that the distance from Zwolle, La., to Center, Tex., is about 35 miles.

"(14) I find that if the plaintiffs had purchased the cattle from N. A. Hays, they would have made a profit on them by selling them to E. N. Runnels, at Center, Tex., on the contract they had with Runnels, of about $2 per head over and above expenses, or a profit of about $188.

"(15) I find that neither of the messages heretofore set out was delivered to N. A. Hays, at Hornbeck, La., and that the failure to deliver each of them was by reason of the negligence of the defendant.

"(16) I find that the plaintiffs paid the defendant 50 cents for the transmission and delivery of each message, and that the said fee paid was the usual and customary fee paid for the transmission of unrepeated and unvalued messages of that kind sent from Center, Tex., to Hornbeck, La."

[1] On these findings, the court rendered judgment against appellant for $175. It appears from these findings that this judgment is based on a profit that appellees would have made had they bought the cattle and shipped them to Center. These messages, considered in connection with the statement made by Brittain at the time they were given to the agent of appellant, are not sufficient to give notice of these special damages. Western Union v. Barkley, 62 Tex. Civ. App. 573, 131 S. W. 849; Western Union v. McFadden, 32 Tex. Civ. App. 582, 75 S. W. 352; Western Union v. Edmondson, 91 Tex. 206, 42 S. W. 549; Western Union v. Brown, 84 Tex. 54, 19 S. W. 336; Western Union v. Woods, 63 Tex. Civ. App. 338, 133 S. W. 440.

[2] Appellees' measure of damages, if any, on these facts was the difference between the contract price of the cattle and the market value of same at Hornbeck, but inasmuch as the court finds that appellees were to pay the full market value for these cattle, they suffered no damage, and the court erred in rendering judgment in their favor for any sum.

The judgment·of the trial court is here reversed, and judgment rendered in favor of the appellant.

Reversed and rendered.