260

## HAMMIT v. WESTBROOK.

### No. 3043.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1953.

Brooks, Fergus, Nemir & Brooks, Abilene, for appellant.

Keith L. Merrick, Lubbock, for appellee.

LONG, Justice.

The parties will carry the same designation here as in the trial court. Plaintiff, Little Westbrook, sued O. L. Hammit to recover damages which he claims on account of the negligence of defendant in failing to put oil in the crank case of his automobile after same had been drained at defendant's filling station. Upon a trial the jury found that defendant agreed to change the oil in the crank case of plaintiff's automobile; that defendant failed to refill the crank case with oil and assessed plaintiff's damages at $375. Based upon these findings, the court entered judgment for plaintiff for said amount. From this judgment defendant has appealed.

Defendant contends in point one that the trial court erred in refusing to enter judgment for him and in failing to grant his motion for judgment notwithstanding the verdict. By points two and three, defendant asserts that the evidence offered by plaintiff shows without contradiction that defendant did refill the crank case with oil but there is a total absence of any evidence of probative force to show that defendant did not so refill the crank case. The evidence discloses that in December, 1952, defendant Hammit operated a service station in Snyder and that on such date plaintiff took his 1949 Dodge Club Coupe to said filling station to have the oil in the crank

case changed. Plaintiff called as his first witness Elmo Hammit, a brother of defendant, who was on that occasion in 1952 employed by defendant at the service station. Elmo Hammit testified positively that he and two other men working at the filling station drained the oil from the automobile of plaintiff and immediately refilled same with oil and left the car at the filling station for defendant. This testimony offered by plaintiff was not controverted by any direct evidence but was corroborated by two other witnesses who said they helped put in the oil. Defendant testified that he drove his car from the filling station on the Thursday afternoon in question to his home and drove it back and forth from his home to the town of Snyder, three times between then and the next Sunday morning. On Sunday morning he started, with his wife and daughter, in this car to Midland. After proceeding a short distance from his home his car began to heat and he couldn't make it go; that he examined the car and it appeared not to have any oil in it. He further testified that he had his car brought to Snyder to Ezell Motor Company where it was repaired by placing a new motor therein.

There was evidence from mechanics who worked on the car that there were no broken oil lines and that they could not discover where the oil had leaked from the car. Two of these mechanics gave as their opinion that no oil was placed in the car. Plaintiff testified that he did not see where the oil ran out of or leaked out of his car. He did not testify as to whether he examined the place where the car had stood to ascertain whether there was any sign of oil leaking from the car.

We recognize the rule that a party may contradict the testimony of his own witness by independent facts showing its inaccuracy or falsity. Western Union Telegraph Co. v. Vickery, Tex.Civ.App., 158 S.W. 792 (Err. Ref.); Whitefield v. Whitefield, Tex.Civ.App., 160 S.W.2d 306 (Err. Ref.).

However, we believe the position of defendant must be sustained wherein he contends the evidence is insufficient to show that defendant failed to refill the crank case of defendant's car on the occasion in question. In other words, it is our opinion that the evidence is insufficient to overcome the positive evidence of Elmo Hammit offered by plaintiff that he and the other employees did fill the crank case with oil. The other two employees of defendant gave substantially the same evidence as Elmo Hammit on this issue.

There was evidence that the oil may have escaped from the car in several different ways. There was evidence that the oil could get out through a broken oil line, or oil seal, or work out under the main bearing, or the oil plug could have been removed. It is true that the evidence shows that the oil plug was in place at the time the car was brought to the Ezell Motor Company.

Plaintiff failed to account for the whereabouts of the car at all times from Thursday afternoon at the time when the oil was changed until the following Sunday morning when it was discovered that there was no oil in the car. Plaintiff testified that the car was at his home on Thursday, Friday and Saturday nights. But the record is devoid of any evidence as to where the car was during the other portion of the time. The record is silent as to whether the car was driven by any person other than plaintiff. It is not shown whether other people had access to the car during this time. At the time the car was at the home of plaintiff on Thursday, Friday and Saturday nights there is no showing whether it was in a garage and at a place where it could not be tampered with. It is apparent that the damage to plaintiff's car may have been the result of other causes than the negligence of defendant. It was, therefore, error to leave to the jury the right of conjecture and guess as to the real cause. This is especially true where there is positive and uncontradicted evidence placed in the record by plaintiff that

the damage to his car was not caused by the negligence of defendant. The evidence must exclude all other reasonable hypothesis of another and different sole proximate cause. Davis v. Castile, Tex.Com.App., 257 S.W. 870; Texas Employers' Ins. Ass'n v. Wilkerson, Tex.Civ.App., 199 S.W. 2d 288; Phenix Dairy v. White, Tex.Civ. App., 169 S.W.2d 492.

The judgment of the trial court is reversed and the cause remanded.